| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>**225 Millburn Avenue - Suite 207**<br>**P.O. Box 1029**<br>**Millburn, New Jersey  07041**<br>**Phone: (973) 467-2700**<br>**Fax: (973) 467-8126**<br>**Counsel to Debtor**<br>**DANIEL M. STOLZ, ESQ. (DS-1897)** |
| In Re:<br><br>**WALSH SECURITIES, INC.,**<br><br>                              Debtor. |

Case No.:  10-44845

Hon.  Novalyn L. Winfield

Chapter: 11

**APPLICATION FOR AUTHORIZATION TO SUBMIT
RETENTION APPLICATION UNDER SEAL**

The Application of Walsh Securities, Inc. ("WSI" or "Debtor"), seeks the entry of an Order authorizing the submission of an Application to retain Stone & Magnanini, LLP, as special litigation counsel under seal and respectfully represents:

**Background**

1.      Walsh Securities, Inc. was formerly a large mortgage business, with fourteen (14) offices in twelve (12) states, approximately 175 employees and over 1,600 independent brokers. Walsh Securities at one time produced over $660 million of mortgages a year.

2.      Robert Walsh is the President, sole officer, director and majority owner of WSI. Prior to forming WSI, Mr. Walsh was the President of Carteret Savings Bank, which was New Jersey largest savings and loan.

1

3. In 1997, WSI commenced an action in the United States District Court for the District of New Jersey, against a multitude of defendants. In its Complaint, Walsh alleges that it was the victim of a fraudulent scheme perpetrated by a large number of mortgage companies, real estate appraisers, attorneys and title companies, which ultimately induced WSI to purchase a large number of loans on real properties where the prices had been inflated. This fraud scheme ultimately led to the demise of WSI.

4. Robert Walsh has never been implicated in any of the wrongdoing, and in fact, has spent the last thirteen (13) years of his life pursuing redress against the perpetrators of the fraud through the aforementioned litigation.

5. WSI is represented in the aforementioned litigation by Stone & Magnanini, LLP, a prestigious and capable litigation firm. Separate Application will be processed with the Court seeking approval of the continued representation of Walsh Securities in the litigation by Stone & Magnanini.

6. Stone & Magnanini is handling certain litigation pending in the United States District Court for the District of New Jersey, entitled <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd. et al</u>, Civil Action 97-3496, ("the Litigation") which Robert A. Magnanini, Esq. has handled since its inception in 1997. The action seeks to recover direct, consequential and punitive damages arising from a residential real estate flipping scheme that defrauded the Debtor out of approximately 230 loans, over the course of at least sixteen (16) months, with a total amount of approximately $24 million dollars in principal, and, as of 2007, over $45 million dollars in accrued interest, over $5.5 million in attorney's fees and costs, the loss of a sale of the company for over $420 million and finally, the destruction of the Debtor, with the loss of over

250 jobs in fourteen (14) offices in twelve (12) States.

7. The action was first stayed, then administratively dismissed from June 9, 1998 until September 30, 2004, pending completion of numerous criminal prosecutions of many of the Defendants. A Third Amended Complaint was filed on January 31, 2005 and a present Fourth Amended Complaint was filed on July 10, 2009.

8. Discovery is proceeding in the litigation and the case is being actively defended on behalf of a number of Defendants. The District Court has yet to assign a trial date to the litigation.

### Retention of Special Litigation Counsel

9. Robert A. Magnanini, Esq. has been the attorney primarily responsible for the Litigation, since its inception in 1997. At the inception of the litigation, Mr. Magnanini was associated with the firm of Latham & Watkins, LLP.

10. In 2004, Mr. Magnanini joined the firm of Boies, Schiller & Flexner, LLP and in 2005 an agreement was executed between that firm and WSI, pursuant to which Boies, Schiller & Flexner, LLP was retained as counsel to continue to pursue the Litigation.

11. In 2009, Mr. Magnanini and Mr. Stone formed Stone, Magnanini, LLP from Boies, Schiller & Flexner LLP, and an agreement was executed between Stone & Magnanini, LLP and WSI, pursuant to which Stone & Magnanini LLP was retained to continue prosecution of the Litigation.

12. The terms of the Retention Agreement between WSI and Stone & Magnanini,

LLP contains confidential information, which the Debtor desires to have protected from the review by the Defendants in the Litigation.

13. While the terms of retention of professionals in Bankruptcy cases are routinely disclosed to the Court and creditors, prior to approval by the Court, in this instance, disclosing the terms of retention may place the Debtor at a disadvantage in connection with its claims against the Defendants.

14. Although fee agreements and retainer agreements generally are not privileged, information which reflects the motive of the client in seeking representation, litigation, strategy or the specific nature of the services provided fall within the privilege. <u>Stanziale v. Vanguard Info-Solutions Corp.</u>, 2008 Bankr. LEXIS 1454, *3-4 (Bankr. D.N.J. 2008).

15. The retention agreement between Stone & Magnanini, LLP and WSI contains information relating to the Debtor's litigation strategy in the specific nature of the services which would be subject to the attorney/client privilege, if sought via discovery in the Litigation.

16. To protect this privileged information, the Debtor seeks authorization to submit the Retention Application and the proposed Retention Agreement to the Court and the U.S. Trustee under seal pursuant to Fed. R. Civ. P. 9037.

17. Outside of bankruptcy, engagement agreements between parties and their attorneys are not routinely disclosed.

18. Since the Retention Agreement between Stone & Magnanini, LLP and WSI contains information subject to the attorney/client privilege and because such an agreement is not

routinely made public, it is proper for the Court to order the Retention Application to be submitted to the Court and made available to the U.S. Trustee under seal pursuant to Fed R. Civ. P. 9037.

**WHEREFORE,** the Debtor respectfully requests the entry of an Order authorizing the Debtor to submit the Retention Application and Retention Agreement between the Debtor and Stone & Magnanini, LLP under seal, together with such other and further relief as is just and equitable.

                                                WALSH SECURITIES, INC.,
                                                Debtor-in-Possession

                                                  /s/ Robert Walsh
Dated: December 9, 2010.               By:_____
                                                ROBERT WALSH