

**U.S. Department of Justice**

*Office of the United States Trustee*
*District of New Jersey*

---

One Newark Center          (973) 645-3014  Telephone
Suite 2100                 (973) 645-5993  Facsimile
Newark, New Jersey 07102

December 13, 2010

Honorable Novalyn L. Winfield
United States Bankruptcy Judge
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

**Subject:** **Walsh Securities, Inc.**
**Chapter 11 Case No. 10-44845(NLW)**
**Objection to Debtor's Application for Authorization to Submit Retention Application Under Seal**

Dear Judge Winfield:

Please accept this letter in lieu of a more formal pleading as the United States Trustee's Objection to the Debtor's Application for Authorization to submit Retention Application Under Seal (docket entry 12)(the "Application").

In its Application, the Debtor seeks to seal certain information, including the terms of the Retention Agreement[1] between WSI and Stone & Magnanini. In support of the Application, the Debtor references Federal Rule of Bankruptcy Procedure 9037.

Pursuant to the Application, the Debtor seeks to seal both the "Retention Application and the proposed Retention Agreement." See, Application ¶ 16. It is challenging to consider the Debtor's request to seal without being able to see the documents the Debtor is addressing. It is respectfully asserted that, at a minimum, the disclosure requirements set out in Rule 2014 must be appropriately filed and docketed without seal, including but not limited to an appropriate form of a verified statement as to any pertinent connections Stone & Magnanini may have.

11 U.S.C. § 107 provides that the bankruptcy court may protect an entity with respect to "a trade secret or confidential research, development, or commercial information..." *See* 11 U.S.C. § 107(b)(1). We respectfully assert that, in order for the Application to be granted, an appropriate finding must be made that the information the Debtor seeks to seal reasonably fits within the parameters of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as ascribed in the Application.

Honorable Novalyn L. Winfield, U.S.B.J.
December 13, 2010
Page 2

In the event that an appropriate finding pursuant to section 107 is made by the Court, The United States Trustee then objects to the form of order submitted with the Application. The form of order should make a ruling pursuant to 11 U.S.C. § 107(b)(1), rather than Fed. R. Bankr. P. 9037[2] as provided in the form of order attached to the Application.

The UST reserves the right to supplement this Objection at argument, as provided by the Court's Order Shortening Time Period for Notice and Setting Hearing (docket entry 14).

As the Application is being presented prior to the filing of the actual retention papers, the UST naturally reserves all rights as to the actual proposed retention.

Respectfully submitted,


By: */s/ Peter J. D'Auria*
Peter J. D'Auria
Trial Attorney

---

[2] The form of order attached to the Application actually references Fed. R. Bankr. P. **7**037, rather than **9**037; this appears to be a typographical error.