| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |   |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue - Suite 207<br>P.O. Box 1029<br>Millburn, New Jersey 07041<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel to Debtor<br>DANIEL M. STOLZ, ESQ. (DS-1897) |   |
| In Re:<br><br>WALSH SECURITIES, INC.,<br><br>                                Debtor. | Case No.: 10-44845<br><br>Hon. Novalyn L. Winfield<br><br>Chapter: 11 |

Recommended Local Form:    ☐ Followed    ✓ Modified

## APPLICATION FOR RETENTION OF STONE & MAGNANINI, LLP,
## AS SPECIAL LITIGATION COUNSEL
## AND CERTIFICATE OF COMPLIANCE WITH D.N.J. LBR 2014-1(a)

1. The applicant, Walsh Securities, Inc., is the

   ☐ Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13.

   ✓ Debtor:    ✓ Chap. 11    ☐ Chap. 13

   ☐ Official Committee of _____

2. The applicant seeks to retain the following professional: Stone & Magnanini, LLP, which maintains offices at 150 John F. Kennedy Parkway, Short Hills, New Jersey 07078, to serve as:

1

☐ Attorney for:   ☐ Trustee        ☐ Debtor-in-Possession

                  ☐ Official Committee of _____

☐ Accountant for: ☐ Trustee        ☐ Debtor-in-possession

                  ☐ Official Committee of _____

✔ Other Professional:

                  ☐ Realtor   ☐ Appraiser   ✔ Special Counsel

                  ☐ Auctioneer ☐ Other (specify):_____

3. The employment of the professional is necessary because: Stone & Magnanini is handling certain litigation pending in the United States District Court for the District of New Jersey, entitled <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd. et al</u>, Civil Action 97-3496, which Mr. Magnanini has handled since its inception in 1997. The action seeks to recover direct, consequential and punitive damages arising from a residential real estate flipping scheme that defrauded the Debtor out of approximately 230 loans, over the course of at least sixteen (16) months, with a total amount of approximately $24 million dollars in principal, and, as of 2007, over $45 million dollars in accrued interest, over $5.5 million in attorney's fees and costs, the loss of a sale of the company for over $420 million and finally, the destruction of the Debtor, with the loss of over 250 jobs in fourteen offices in twelve States.

4. The action was first stayed, then administratively dismissed from June 9, 1998 until September 30, 2004, pending completion of numerous criminal prosecutions of many of the Defendants. A Third Amended Complaint was filed on January 31, 2005 and a present Fourth Amended Complaint was filed on July 10, 2009.

5. Discovery is proceeding in the litigation and the case is being actively defended on behalf of a number of Defendants. The District Court has yet to assign a trial date to the litigation.

6. The firm of Stone & Magnanini, LLP █████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████

7. The within retention is not being sought **under Section 328(a)** and Stone & Magnanini recognizes that they shall only be entitled to such compensation as is determined by the Court to be reasonable in the circumstances.

8. To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

✔ None

☐ Describe connection:

9. To the best of the applicant's knowledge, the professional (check all that apply):

✔ does not hold an adverse interest to the estate.

✔ does not represent an adverse interest to the estate.

✔ is a disinterested person under 11 U.S.C. § 101(14).

3

    Y   does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐   Other; explain:

**WHEREFORE**, the applicant respectfully requests authorization to employ Stone & Magnanini, LLP as special litigation counsel, to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may hereafter determine and allow.

WALSH SECURITIES, INC.,
Debtor-in-Possession

By: _____
ROBERT WALSH

Dated: January 13, 2011.

## CERTIFICATION OF COMPLIANCE WITH D.N.J. LBR 2014-1(a)

I have complied with D.N.J. LBR 2014-1(a) by mailing a copy of this application to all the following who did not receive electronic notice from the Court: United States Trustee, the Debtor and/or Debtor's attorney, the Trustee (as applicable), the secured creditors, the Official Committees (as applicable), and others requesting notice, all of whose addresses are shown on the attached service list, by regular mail, postage prepaid, within one (1) day after filing with the Court.

*Maria A. Sousa*
MARIA A. SOUSA

Dated: January 17, 2010.

WALSH SECURITIES
Service List

Office of U.S. Trustee
One Newark Center
Suite 2100
Newark, NJ 07102

Gary Eisenberg, Esq.
Herrick, Feinstein, LLP
One Gateway Center
Newark, New Jersey 07102
*Attorney for Cherokee Equities, LLC.*

Jay L. Lubetkin, Esq.
Rabinowitz, Lubetkin & Tully, LLC.
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
*Attorney for Banco Popular*

Robert Walsh
46 Laura Lane
Morristown, New Jersey 07960
*Secured Creditor*

Investment 3 LLC.
46 Laura Lane
Morristown, New Jersey 07960
*Secured Creditor*