# STONE ▩ MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

May 13, 2009

Robert Walsh, President
Walsh Securities, Inc. and Walsh Holding Co., Inc.
46 Laura Lane
Morristown, NJ 07960

Dear Bob:

This letter sets forth the terms on which, effective March 3, 2009, Walsh Securities, Inc. and Walsh Holding Co., Inc. ("Client") retains the firm of Stone & Magnanini LLP (hereinafter referred to as "the Firm") to represent Client in connection with the action entitled *Walsh Securities, Inc. v. Cristo Property Management Ltd., et al.*, Civil Action No.: 97-3496, pending in the United States District Court for the District of New Jersey.

Client agrees to retain the Firm on the identical terms to those set forth in Client's retainer agreement with Boies, Schiller & Flexner LLP dated April 1, 2005 ("BSF Retainer"), a copy of which is annexed hereto as Appendix A, incorporated herein by reference and made a part of this Retainer Agreement, which shall be binding upon Client and the Firm. All terms set forth in that Retainer Agreement, including the terms pertaining to fees and disbursements owed to the Firm, shall apply to this retainer agreement between Client and Stone & Magnanini LLP.

Client has also been advised by Stone & Magnanini LLP that Boies, Schiller & Flexner LLP has assigned over to Stone & Magnanini LLP all rights, title and interest in fees and expenses that were owed to Boies, Schiller & Flexner LLP under the Retainer Agreements, and Client acknowledges and agrees to such assignment.

<u>Attorney's Fees</u>



The attorneys who will be assigned to this matter are [redacted]

<u>Consultation with Counsel</u>

This will confirm that the Client has taken the opportunity of conferring with competent counsel concerning the negotiations of this Retainer Agreement and that the Client has made

---
**NEW YORK OFFICES**   575 Lexington Avenue, New York NY 10022   P 212.644.5854
www.stonemagnalaw.com    www.false-claims.net

Robert Walsh
May 13, 2009
Page 2 of 2

sufficient investigation and inquiry to determine that this Retainer Agreement is fair and reasonable and that this Retainer Agreement was the product of an arms-length negotiation with the Firm.

Mandatory Arbitration

Any dispute under this Retainer Agreement will be subject to mandatory arbitration before the American Arbitration Association in a convenient location in New Jersey which is close in proximity to the offices of Stone & Magnanini LLP's New Jersey office. Client waives any and all rights Client may have now or in the future to seek punitive damages in such arbitration proceedings.

Severability

If any part of this Agreement shall for any reason be found to be unenforceable, Client agrees that all other portions will nevertheless remain valid and enforceable.

Final Agreement

This Retainer Agreement and the annexed Appendix represent the final and mutual understanding of the parties and replaces and supersedes any prior Agreements or understandings, whether written or oral, pertaining to the claims that are the subject of this Retainer Agreement. This Retainer Agreement may not be modified, amended or replaced except by another signed written Agreement. If you agree to our representation, you should sign in the space below and forward the signed Retainer Agreement to us at your earliest convenience. This Retainer Agreement can be signed in counterparts and will be effective upon receipt of facsimile signatures.

Very truly yours,

Robert A. Magnanini

DSS:eb
Encls.

Acknowledged and agreed as to all terms by:

BY:_____
Robert Walsh

Dated: May 13, 2009

# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

April 1, 2005

Mr. Robert Walsh, President
Walsh Holding Company, Inc.
19D Chapin Road
PO Box 2014
Pine Brook, New Jersey 07059

Dear Mr. Walsh:

This letter sets forth the terms on which Walsh Securities, Inc. and Walsh Holding Co., Inc. through their President Robert Walsh (hereinafter and collectively "the Client") retains the firm of Boies, Schiller & Flexner LLP (hereinafter referred to as "the Firm") to represent the Client in connection with a case captioned *Walsh Securities, Inc. v. Cristo Properties, et al.*, currently pending in the United States District Court, District of New Jersey, Action No. CV-97-3496 (WGB) (the "Matter" or "Cause of Action"). The Client will retain co-counsel to represent the Client against Nations Title Insurance Co. and Fidelity National Title Insurance Co. in this Matter.

<u>Attorneys' Fees</u>



BOIES, SCHILLER & FLEXNER LLP

Mr. Robert Walsh
April 1, 2005
Page 2



BOIES, SCHILLER & FLEXNER LLP

Mr. Robert Walsh
April 1, 2005
Page 3



Warranty of Ownership

The Client hereby warrants that it has revealed all trusts, entities, corporations or partnerships holding any right, title and interest in the Matter to the Firm and that the Client is the sole owner of the matter which is the subject of this retainer and hereby grants and assigns to the Firm a lien on said Matter, including any proceeds obtained from the settlement thereof and any judgment obtained thereon, to the extent of the fees and costs due hereunder.

The Client agrees that the Client will not assign, in whole or in part or otherwise grant any interest or lien against this cause of action or the proceeds from it other than the lien granted by the preceding paragraph, without the prior written consent of the Firm. The Client also Agrees that it will not retain additional counsel without first advising the Firm.

Right To Terminate Agreement

If the Client elects to abandon any litigation asserting the cause of action hereunder or if the Client's conduct seriously prejudices the prospect of successful prosecution of such litigation (including but not limited to the filing of a bankruptcy proceeding) or should the Client fail either to disclose material facts or accurately to describe such facts and thereby seriously prejudice the continued prosecution of such litigation, or should the Client breach any provision of this Agreement, then the Firm shall have the right to terminate this Agreement and if there is a monetary recovery which is based in any part on the services which the Firm has performed prior to our withdrawal, the Firm will be entitled to a portion of the monetary recovery in proportion to the hours the Firm has expended in the matter as compared to the hours expended by a successor counsel.

Should it become the opinion of the Firm at any time that the Client's cause of action lacks merit (for example because of inability to verify the Client's claims through witnesses, because of adverse developments in the law or because of material adverse change in the financial condition of any defendant, then the Firm shall have the option to terminate this Agreement and be relieved of any obligation to participate in any pending litigation involving the cause of action. If the Firm chooses to terminate this Agreement, the Firm shall be entitled to receive its reimbursed out-of-pocket expenses which it has advanced on the Client's behalf in the event of any recovery in the case. Such expenses

BOIES, SCHILLER & FLEXNER LLP

Mr. Robert Walsh
April 1, 2005
Page 4

shall be reimbursed out of any gross recovery prior to payment of any other attorneys' fees associated with the matter.

Settlement

In evaluating whether to accept or reject any offers for settlement in connection with any claim brought by the Firm pursuant to this Agreement, the Client shall have an obligation to weigh fully the opinions and recommendations of the Firm and shall not reasonably withhold consent to a settlement proposal which in the judgment of the Firm is a fair and reasonable basis for the disposition of the cause of action. The Client further understands that should the Client unreasonably withhold any consent to a fair and reasonable settlement, the Firm shall have the right to terminate this Agreement and if there is a monetary recovery which is based in any part on the services which the Firm has performed prior to its withdrawal, the Firm will be entitled to a portion of the monetary recovery in proportion to the hours the Firm expended in the matter as compared to the hours expended by a successor counsel.

Assistance

The Client agrees to provide the Firm with whatever reasonable assistance the Firm deems necessary to support it in prosecuting this matter, including but not limited to, testifying at depositions, attending meetings with the Firm attorneys, testifying at or attending court proceedings and providing discovery related materials upon request, reviewing documents and providing factual or technical information.

The Firm's representation of the Client in this matter is conditioned upon the understanding that the Firm will deal only with the Client and Mr. Kreindler in connection with this matter and will not take direction nor undertake discussion of any kind from any other legal counsel.

Client Files and Retention

In the course of this representation, the Firm shall maintain a file. In such file the Firm may place correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to your representation ("Client File"). The Client File shall be and remain your property. We may also place such file documents containing the Firm's attorney work product, mental impressions or notes ("Work Product"). You agree that the Work Product shall be and remain the Firm's property.

BOIES, SCHILLER & FLEXNER LLP

Mr. Robert Walsh
April 1, 2005
Page 5

At the conclusion of the Firm's representation (which shall be defined as the time that our work on the project specified in this letter has been completed), your Client File (but not including the Work Product) shall be made available to you, and you shall have the right to take possession of the original file as your property. The Firm will be entitled to make copies if it chooses. You also agree at the conclusion of your representation (whether or not you take possession of the Client file) to take possession of any and all original contracts, wills, stockholders certificates, and other such important documents that may be in the Client File and we shall have no further responsibility with regard to such documents.

If you do not take possession of the Client File at the conclusion of the representation, the Firm shall store such file for you for a period of seven (7) years. During the entire time that the Firm store your client file for you, you shall have the right to take possession of it at any time that you choose. At the conclusion of such seven (7) year period, the Firm shall send you a notice by First Class or equivalent mail to the last address that you have provided advising of our intention to dispose of the Client File. You shall have sixty (60) days from the date of such notice to take possession of your Client File. If you do not take possession of the Client File during such time, you agree that the Firm may dispose the Client File without further notice to you.

Conflicts of Interest

Of course, without your consent, the Firm will not represent any other party in this matter, nor any other matter substantially related to it. As with any other client and any other matter, you will have our complete loyalty with respect to this matter. As you know, however, it is common for a full-service law firm to represent a particular client, Walsh Securities in some matters, and to find itself dealing with that same company on behalf of other clients in other, unrelated transactional matters. That requires the consent of both clients.

We are asking for your consent that the Firm may take unrelated transactional matters for other clients, in which Walsh Securities is another (possibly adverse) party to the transaction. There are limitations on the scope of this consent. First, we are not asking for your prospective consent to our representation of any other client in any matter substantially related to any of the work we have done for Walsh Securities. We will not accept any such matter without your further consent, if at all. Second, we also are not asking for your consent to our taking any litigation matter adverse to Walsh Securities without further consent. If, in serving another Firm client, we were to become aware that any potential litigation issues might arise between that client and Walsh Securities, our duty to our other client could require that we draw its attention to those issues and recommend that they consult other counsel concerning them.

BOIES, SCHILLER & FLEXNER LLP

Mr. Robert Walsh
April 1, 2005
Page 6

We would not otherwise advise or represent that client with respect to such matters, however, without your further consent.

You should feel completely free to consult other counsel concerning these matters.

Consultation With Counsel

This will confirm that the Client has taken the opportunity of conferring with competent counsel concerning the negotiation of this retainer Agreement and the Client has made sufficient investigation and inquiry to determine that this Agreement is fair and reasonable and that this Agreement was the product of an arms-length negotiation with the Firm.

Mandatory Arbitration

Any dispute under this Agreement will be subject to mandatory binding arbitration before the American Arbitration Association in a convenient location in New Jersey that is close in proximity to the offices of Boies, Schiller & Flexner LLP's New Jersey office. The Client waives any and all rights the Client may have, now or in the future, to seek punitive damages in such arbitration proceeding.

Severability

If any part of this Agreement shall for any reason be found to be unenforceable, the Client agrees that all other portions remain valid and enforceable.

Final Agreement

This Agreement represents the final and mutual understanding of the parties and replaces and supercedes any prior Agreements or understandings, whether written or oral, pertaining to the claims that are the subject of this Agreement. This Agreement may not be modified, amended or replaced except by another signed written Agreement. This Agreement is effective as of the date of the Agreement or when the Firm first provided services to the Client, whichever is earlier.

BOIES, SCHILLER & FLEXNER LLP

By: _____
Robert A. Magnanini

BOIES, SCHILLER & FLEXNER LLP

## SIGNATURE PAGE FOLLOWS

Acknowledged and agreed as to all terms by:

| | |
|---|---|
| Walsh Securities, Inc. | Walsh Holding Co., Inc. |
| By: _____ | By: _____ |
| Robert Walsh President | Robert Walsh, President |
| Robert Walsh Personally | |