| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |  |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue - Suite 207<br>P.O. Box 1029<br>Millburn, New Jersey 07041<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel to Debtor<br>DANIEL M. STOLZ, ESQ. (DS-1897) |  |
| In Re:<br><br>WALSH SECURITIES, INC.,<br><br>              Debtor. | Case No.: 10-44845<br><br>Hon. Novalyn L. Winfield<br><br>Chapter: 11 |

AFFIDAVIT OF DISINTERESTEDNESS BY PROPOSED SPECIAL COUNSEL

STATE OF NEW JERSEY  }
                                              } SS.
COUNTY OF ESSEX         }

ROBERT A. MAGNANINI, being of full age and duly sworn according to law, upon his oath, deposes and says the following:

1. I am an attorney at law of the State of New Jersey and a member of the firm of Stone & Magnanini, LLP, which firm maintains offices at 150 John F. Kennedy Parkway, Short Hills, New Jersey 07078.

2. The Debtor herein is desirous of retaining my firm for the purpose of handling

1

certain litigation pending in the United States District Court for the District of New Jersey, entitled Walsh Securities, Inc. v. Cristo Property Management, Ltd. et al, Civil Action 97-3496, ("the Litigation") which I have handled since its inception in 1997. The action seeks to recover direct, consequential and punitive damages arising from a residential real estate flipping scheme that defrauded the Debtor out of approximately 230 loans, over the course of at least sixteen (16) months, with a total amount of approximately $24 million dollars in principal, and, as of 2007, over $45 million dollars in accrued interest, over $5.5 million in attorney's fees and costs, the loss of a sale of the company for over $420 million and finally, the destruction of the Debtor, with the loss of over 250 jobs in fourteen (14) offices in twelve (12) States.

    3.    I have advised the Debtor of the willingness of Stone & Magnanini, LLP to serve as special counsel in these Chapter 11 proceedings, and to accept compensation for professional services rendered and expenses incurred in accordance with the underlying Application, subject to the provisions of Section 328 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"). Stone & Magnanini intends to bill for its services on the terms set forth in the Application, under seal, submitted herewith.

    4.    Stone & Magnanini, LLP understands that its compensation is subject to further Order of the Court and agrees to submit applications to the Court for such compensation upon appropriate notice and hearing, pursuant to the provisions of the Bankruptcy Code.

    5.    No promises have been received by Stone & Magnanini, LLP or by any member or associate thereof, as to compensation in connection with this case. Stone & Magnanini, LLP has no agreement with any other entity to share with such entity any compensation received by

the firm in connection with this case.

6. In connection with Section 328(e) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9734(a), in matters upon which the firm is to be engaged, Stone & Magnanini has no disqualifying connection with the Debtor, its creditors, or any other party-in-interest, their respective attorneys, accountants or auditors.

7. Insofar as I have been able to ascertain after making reasonable inquiry, Stone & Magnanini, LLP has no connection with or interest in the Debtor or any of its creditors.

8. Based upon the foregoing, I believe that Stone & Magnanini, LLP is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

9. Neither the undersigned nor any member or associate of Stone & Magnanini, LLP will, while employed by the Debtor, represent in connection with this case any other entity having an adverse interest. Therefore, deponent knows of no reason why said law firm should not be retained as special counsel herein.

_____
ROBERT A. MAGNANINI

Subscribed and Sworn to
before me on this  9th
Day of December, 2010.

_____
EILEEN BARON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 3, 2011