HERRICK, FEINSTEIN LLP
Gary Eisenberg
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
Attorneys for Cherokee Equities, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>WALSH SECURITIES, INC.,<br><br>Debtor. | In Proceedings Under Chapter 11<br>of the United States Bankruptcy Code<br><br>Case No. 10-44845 (NLW)<br><br>Hearing Date: April 4, 2011, at 9:00 a.m. |

## CREDITOR'S BRIEF IN SUPPORT OF MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY

On the Brief:
Gary F. Eisenberg, Esq.

Cherokee Equities, LLC (the "Lender" or "Cherokee"), by its undersigned counsel, hereby submits this brief in support of its motion, pursuant to §§ 362 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 4001 and Local New Jersey Rule of Bankruptcy Procedure 4001-1, for an order modifying the automatic stay (the "Motion"), so that the Lender may continue to foreclose on the Property (defined below) and continue such action against the Walsh Securities, Inc. (the "Debtor" or "WSI")..

## PRELIMINARY STATEMENT

This stay relief motion is occasioned by the chapter 11 filing by the Debtor and by the entry of an order (the "Stay Relief Order") in the case of the Debtor's affiliates Robert and Lorraine Walsh (the "Walshes") granting the Lender relief from the automatic stay. The stay relief in the Walshes' case permits the Lender to prosecute the action (the "Foreclosure Action") entitled *Cherokee Equities, LLC v. Walsh, et al.*, Docket No. F-32684-09, pending in the Superior Court of New Jersey, Morris County, Chancery Division (the "Foreclosure Court") up to, and including, the entry of final judgment for foreclosure against the Walshes. The Lender seeks similar relief against the Debtor for the same Foreclosure Action.

## STATEMENT OF FACTS

The facts relevant to this motion are more fully set forth in the accompanying Certification of Jay Wolfkind ("Wolfkind Certification") dated March 13, 2011, which is submitted herewith. Since the Court is familiar with them based on the Lender's motion in the Walshes' case, the Lender will not repeat them at length here but respectfully refers the Court to the Wolfkind Certification.

## LEGAL ARGUMENT

The Lender now moves for stay relief to allow it to foreclose on the Property and have such judgment bind the Debtor. Given the stay relief order previously issued in the Walshes' case, there can be no doubt that a similar order is warranted here.

### POINT I

### THE LENDER IS ENTITLED TO STAY RELIEF FOR CAUSE PURSUANT TO BANKRUPTCY CODE § 362(d)(1)

Pursuant to Bankruptcy Code Section 362(a), the filing of a petition for relief under the Bankruptcy Code automatically stays any action from being commenced, or continued, against property of the debtor's estate. However, Section 362(d) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1). What constitutes "cause" under Section 362(d)(1) justifying stay relief is not specifically defined by the Code and is determined on a case by case basis. In re Wilson, 116 F.3d 87, 90 (3d Cir 1997); In re Rosen, 208 B.R. 345, 355 (D.N.J. 1997) (citing Claughton v. Mixson, 33 F.3d 4, 5 (4th Cir. 1994)); Matter of Henry, 173 B.R. 878, 882 (Bankr D.N.J. 1993). Stay relief for cause is appropriate here because it grants the same relief granted to the Lender as to affiliated debtors and merely makes the foreclosure judgment at issue one that will bind the Debtor as well.

3

By order dated March 1, 2011 (the "Stay Relief Order"), this Court granted the motion in part of Cherokee in the Walshes' case for entry of an order granting relief from the automatic stay to foreclose on the real property owned by the Walshes. The need for the present motion derives from the fact that WSI is also a maker of a note in favor of Cherokee evidencing the same debt that is evidenced by the note issued by the Walshes that is secured by the mortgage that is the subject of the Stay Relief Order.

Because of WSI also being a maker of a note evidencing the same debt secured by the Mortgage, in order for Cherokee to obtain good title to the Property upon completion of a foreclosure, it is necessary that WSI be included as a defendant in a foreclosure action and be subject to the same foreclosure judgment to which the Walshes shall be subject pursuant to the Stay Relief Order.

WSI has defaulted in the Foreclosure Action, and thus it will not required to extend any funds in defending the Foreclosure Action. Further, since the Stay Relief Order grants stay relief simply to permit entry of a foreclosure judgment, having that same relief granted with respect to WSI (who is not the mortgagor of the Property) as will be the case with the Walshes (who are the mortgagors of the Property) will not impose any unfair prejudice upon WSI.

In truth, this order should be able to be accomplished through a simple consent order. However, WSI refuses to give such consent despite Cherokee's request. Since the entitlement to the stay relief is clear, the Court should grant the motion.

In considering factors that courts consider in granting relief to continue litigation against a debtor, the factors overwhelmingly favor granting relief here. Courts often cite to *In re*

4

*Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990), which quotes the twelve factors noted in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr.D.Utah 1984) "to be weighed in deciding whether litigation should be permitted to continue in another forum. These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Ibid.*

First, the Stay Relief Order already grants similar relief in favor of Cherokee with respect to the Walshes, who are the mortgagors of the property. The effect of the relief that Cherokee seeks here will be simply to grant relief to permit it to obtain a foreclosure judgment that will be binding on WSI to the same extent as it is to the Walshes, the property owners themselves. To the extent that the Stay Relief Order does not interfere with the Walshes' individual case, so too the relief requested here does not interfere with this case, particularly as the foreclosure judgment will not result in a new lien against assets of this Debtor.

5

The relief sought will further the legitimate interest of enabling Cherokee to obtain good title to the property should the Court grant subsequent stay relief in accordance with the terms and conditions of the Stay Relief Order. Thus, the relief sought is consistent with furthering judicial economy.

Denying this motion, by contrast, would force Cherokee to be put in the position of not being able to obtain complete relief because of an inability to obtain a foreclosure judgment against a non-property-owning defendant who has defaulted in the Foreclosure Action even though Cherokee has been granted relief to obtain a foreclosure judgment against the actual owners of the property who are also chapter 11 debtors. Denying Cherokee the essential benefits of the Stay Relief Order by not permitting it to have WSI be joined as a defendant against whom a foreclosure judgment will be binding would completely negate the purpose of the Stay Relief Order. The balance of equities thus favors granting Cherokee this relief.

6

## CONCLUSION

For all of the foregoing reasons, the Lender respectfully requests that the Court enter an Order modifying the automatic stay, on substantially the same terms and conditions as th Stay Relief Order entered in the Walshes' chapter 11 case, so that the Lender may enforce its rights against the Property, and granting Lender such other and further relief as is just and proper.

          Respectfully submitted,

          HERRICK, FEINSTEIN LLP
          Attorneys for Cherokee Equities, LLC

          By: /s/ Gary F. Eisenberg
              GARY F. EISENBERG

Dated: March 14, 2011
      Newark, New Jersey

HF 6382700v.2 #13923/0001