## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is made by and among Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York (collectively, the "Title Insurance Defendants"), Coastal Title Agency ("Coastal"), Walsh Securities, Inc. ("Walsh"), and General Star Indemnity Company ("General Star"). All of these parties are collectively referred to herein as the "Parties."

**WHEREAS**, General Star Indemnity Company issued to Coastal a claims-made insurance policy bearing policy number IYA281269 for the Policy Period of November 14, 1997 and November 14, 1998 (the "Policy");

**WHEREAS**, Walsh filed a lawsuit against various defendants, including Coastal and the Title Insurance Defendants, in the United States District Court of New Jersey, Civil Action No. 97-CV-3496, captioned <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd. Et al.</u>, (the "Underlying Litigation");

**WHEREAS**, the Title Insurance Defendants filed certain cross-claims against Coastal in the Underlying Litigation;

**WHEREAS**, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, Inc. have now merged and are jointly known as Fidelity National Title Insurance Company of New York;

**WHEREAS**, Coastal sought coverage from General Star for the Underlying Litigation under the Policy, and General Star denied coverage for same;

**WHEREAS**, Coastal and General Star subsequently reached an agreement, whereby General Star agreed to defend Coastal Title in the Underlying Litigation under a full reservation

of rights;

**WHEREAS,** the Parties understand and acknowledge that General Star has taken the position that there is no duty to indemnify Coastal Title for any of the claims asserted against it in the Underlying Litigation;

**WHEREAS,** Walsh has filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court), which bankruptcy is captioned In re: Walsh Securities, Inc., Case No. 10-44845;

**WHEREAS,** the Parties to this Agreement, without any admission of liability on any of their part but to the contrary denying same, desire to amicably resolve all claims between and amongst them stemming from the Underlying Litigation; and

**NOW, THEREFORE,** in consideration of the foregoing agreements of the Parties, and of the mutual promises contained herein, the Parties understand, covenant and agree as follows:

1. General Star shall issue payment collectively to Walsh and the Title Insurance Defendants in the aggregate amount of Four Hundred and Twenty Five Thousand Dollars ($425,000.00) (the "Settlement Payment"), with monies being deposited by General Star into an escrow account which requires the written approval of General Star, Walsh Securities and the Title Insurance Defendants for the release of funds from the escrow account. The Settlement Payment shall be made by General Star within fourteen (14) business days following the later of (a) full execution by all Parties of this Agreement; (b) entry of a "final" order by the Bankruptcy Court approving this Agreement, pursuant to Paragraph 6 below; and (c) receipt by General Star of a completed W-9 form from the payees. Upon General Star's payment of the Settlement Payment provided for herein, General Star shall have no further payment obligations, of any kind or any nature, whether under the Policy or applicable law, with regard to the Underlying

Litigation. It is agreed and understood by all Parties that upon General Star's payment of the Settlement Payment, the Policy shall be deemed fully exhausted.

2. In the event approval has not been obtained from the bankruptcy court for the settlement agreed to herein within thirty (30) days of the execution of this agreement by all parties, the settlement monies set forth in paragraph one (1) shall be paid into an interest bearing escrow or trust account or, if unavailable, a non-interest bearing account requiring the written signature of General Star, Walsh Securities, and the Title Defendants for the distribution of proceeds from the trust account.

3. For and in consideration of the Settlement Payment, Walsh Securities and the Title Insurance Defendants for themselves and for each of their respective parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, spouses, partners, principals, attorneys and other legal representatives and assigns (collectively, the "Plaintiff Releasors"), do hereby release, discharge and acquit Coastal Title and General Star and each of its parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, partners, principals, successors in interest, predecessors in interest, attorneys and other legal representatives and assigns (collectively, the "Defendant Releasees") from any and all past, present, potential, or future claims, demands, actions, rights, causes of action, attorneys' fees, costs, expenses, judgments, settlements, liabilities, and damages against the Defendant Releasees or against the Policy, of whatever nature, whether known or unknown, foreseen or unforeseen, in connection with, in any way relating to, arising out of, directly or indirectly resulting from, or in consequence of:

a. the Underlying Litigation;

b. any of the acts, facts, circumstances or situations alleged directly or indirectly in, related to, or that are the subject of the Underlying Litigation;

c. any insurance claim made, or could have been made, to General Star in any way relating to, arising out of, directly or indirectly resulting from, or in consequence of the Underlying Litigation;

d. any allegations, facts, circumstances, situations, claims, defenses, cross-claims, or causes of action that were pleaded or could have been pleaded in the Underlying Litigation; and

e. any cost, expense, fee or other expenditure of funds, including but not limited to attorneys' fees and costs, relating directly or indirectly to the Underlying Litigation.

f. any liability, responsibility or coverage under any policy of insurance issued by General Star to Coastal Title.

4. For and in consideration of the Settlement Payment, Coastal and its parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, owners, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, spouses, partners, principals, attorneys and other legal representatives and assigns (collectively, the "Coastal Releasors"), do hereby release, discharge and acquit General Star and each of its parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, partners, principals, successors in interest, predecessors in interest, attorneys and other legal

representatives and assigns (collectively, the "General Star Releasees") from any and all past, present, potential, or future claims, demands, actions, rights, causes of action, attorneys' fees, costs, expenses, judgments, settlements, liabilities, and damages against the General Star Releasees or against the Policy, of whatever nature, whether known or unknown, foreseen or unforeseen, in connection with, in any way relating to, arising out of, directly or indirectly resulting from, or in consequence of:

    a. the Underlying Litigation;

    b. any of the acts, facts, circumstances or situations alleged directly or indirectly in, related to, or that are the subject of the Underlying Litigation;

    c. any insurance claim made, or could have been made, to General Star in any way relating to, arising out of, directly or indirectly resulting from, or in consequence of the Underlying Litigation;

    d. any cost, expense, fee or other expenditure of funds, including but not limited to attorneys' fees and costs, relating directly or indirectly to the Underlying Litigation; and

    e. any aspect of General Star's performance (or lack of performance) under the Policy of any duties or obligations, whether contractual, extra-contractual, tort, or otherwise that relate to the Underlying Litigation or any claim made to General Star relating to the Underlying Litigation, including, without limitation, any claims, demands or causes of action relating to any alleged claims handling, claims adjustment, actual or failed exhaustion, negligence, breach of contract, tort, intentional tort, breach of duty or duties, breach of good faith and fair dealing, breach of implied covenant, bad faith, statutory bad faith,

actual or constructive fraud, interference with contractual relationships, deceptive trade practices, unfair insurance trade practices, conduct in violation of any insurance code or any other alleged misconduct, omission or wrongdoing of any kind.

    f. any liability, responsibility or coverage under any policy of insurance issued by General Star to Coastal Title.

5. For and in consideration of this settlement and the mutual releases herein, Coastal and General Star and their parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, owners, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, spouses, partners, principals, attorneys and other legal representatives and assigns, do hereby release, discharge and acquit Walsh and the Title Insurance Defendants and each of their parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, partners, principals, successors in interest, predecessors in interest, attorneys and other legal representatives and assigns from any and all past, present, potential, or future claims, demands, actions, rights, causes of action, attorneys' fees, costs, expenses, judgments, settlements, liabilities, and damages against Walsh and the Title Insurance Defendants of whatever nature, whether known or unknown, foreseen or unforeseen, in connection with, or in any way relating to, arising out of, directly or indirectly resulting from, or a consequence of:

    a. the Underlying Litigation;

    b. any of the acts, facts, circumstances or situations alleged directly or indirectly in, related to, or that are the subject of the Underlying Litigation

    c. any cost, expense, fee or other expenditure of funds, including but not limited to attorneys' fees and costs, relating directly or indirectly to the Underlying Litigation; and

6.    This settlement is conditioned upon the Bankruptcy Court approving this Agreement. Within ten (10) days of execution of this Agreement, Walsh, acting through counsel, shall file with the Bankruptcy Court a motion for entry of an order approving this Agreement, said order to become "final" after the time to appeal any such order has expired or, if an appeal is filed, after such time the appeal is conclusively decided.

7.    Should the bankruptcy court deny any motion to approve the settlement agreement, then (a) all monies in the escrow or trust account, inclusive of any interest shall be promptly returned to General Star within ten (10) days of any such order, (b) the releases herein shall not be effective and (c) the parties shall be returned to their respective status as it existed prior to the execution of this agreement.

8.    Within five (5) days of General Star's payment of the Settlement Payment, Walsh, acting through its counsel, shall file a dismissal with prejudice of Coastal from the Underlying Litigation, each party bearing its own costs and fees, and the Title Insurance Defendants, acting through each of their respective counsel, shall file a dismissal with prejudice of all cross-claims against Coastal in the Underlying Litigation, each party bearing its own costs and fees. Coastal Title will also execute a stipulation of dismissal with prejudice of all claims against the Title Insurance Defendants, each party bearing its own costs and fees.

9. The Plaintiff Releasors represent and warrant that they have not made any assignment of any of their purported claims in the Underlying Litigation and that they have not sold, assigned, transferred, conveyed or otherwise disposed of, and will not sell, assign, transfer, convey or otherwise dispose of any claim, demand, right, obligation, cause of action and/or damage arising out of or in any way involving, relating to or resulting from the Underlying Litigation. The Plaintiff Releasors further each represents and warrants that no liens, claims, demands, rights, obligations, causes of action or damages have been asserted against it/them with regard to, in connection with, or relating to the Underlying Litigation and that each of them is authorized to receive the funds set forth in Paragraph 1 of this Agreement.

10. The Title Insurance Defendant Releasors represent and warrant that they have not made any assignment of any of their purported claims in the Underlying Litigation and that they have not sold, assigned, transferred, conveyed or otherwise disposed of, and will not sell, assign, transfer, convey or otherwise dispose of any claim, crossclaim, demand, right, obligation, cause of action and/or damage arising out of or in any way involving, relating to or resulting from the Underlying Litigation. The Title Insurance Defendant Releasors further each represent and warrant that no liens, claims, crossclaim, demands, rights, obligations, causes of action or damages have been asserted against it/them with regard to, in connection with, or relating to the Underlying Litigation and that each of them is authorized to receive the funds set forth in Paragraph 1 of this Agreement.

11. The Coastal Releasors each represents and warrants that it/they have not made any assignment of any of their purported claims in the Underlying Litigation or under the Policy and that it/they have not sold, assigned, transferred, conveyed or otherwise disposed of, and will not sell, assign, transfer, convey or otherwise dispose of any claim, demand, right, obligation,

cause of action and/or damage arising out of or in any way involving, relating to or resulting from the Underlying Litigation or the Policy. The Coastal Releasors further each represents and warrants that no liens, claims, demands, rights, obligations, causes of action or damages have been asserted against it/them with regard to, in connection with, or relating to the Underlying Litigation or the Policy.

12. General Star, by entering into this Agreement, makes no admission regarding the availability of insurance coverage under its Policy, makes no admission of liability to Coastal or the Plaintiff Releasors, and makes no admission of liability for the Underlying Litigation.

13. The Parties acknowledge and agree that this settlement does not constitute any ratification by General Star, and that this Agreement shall not be deemed or construed to constitute any acceptance or acknowledgment of any obligation by General Star, to defend, indemnify or otherwise provide coverage to any of the Parties herein for any claim made or that could be made under the Policy.

14. The Settlement Payment and the relinquishment of claims by, between and among the Parties have been agreed to by way of compromise of the disputed claims, and such payment and relinquishment of claims are not to be construed as admissions of liability by any party, by whom liability is expressly denied.

15. The Parties expressly understand and agree that this Agreement is the complete settlement of the matters set forth herein, and that there exist no written or oral understandings, representations or agreements, directly or indirectly, connected with this Agreement which are not incorporated herein. All prior or contemporaneous understandings, discussions or agreements with respect to said subject matter are expressly superseded by this Agreement. This Agreement may be amended only in writing, signed by or on behalf of all parties.

16. This Agreement shall be construed in accordance with the laws of the State of New Jersey.

17. Each of the persons signing this Agreement declares and represents that the party for which he or she is signing has taken all necessary action to approve the making and performance of this Agreement, that he or she is competent to execute this instrument and that he or she is duly authorized, that he or she has the full right and authority to execute this Agreement on such party's behalf, and that he or she has signed the Agreement of his or her own free act, with advice of counsel, and has not been influenced in making this settlement by any representation of a party or parties released.

18. It is agreed that none of the Parties shall be deemed a "prevailing party" or "successful" party for purposes of any further claim for statutory or contractual attorney fees or costs.

19. This Agreement may be executed in one or more counterparts, each of which shall be considered an original, but all of which taken together shall constitute one and the same Agreement. This Agreement may also be executed and delivered by facsimile signature and in one or more counterparts, each of which shall be considered an original, but all of which taken together shall constitute one and the same Agreement.

20. The Parties agree that the terms of this Agreement are contractual and are not a mere recital, and it is the purpose of this Agreement to evidence a full and complete compromise settlement of the matters herein set forth. The Parties warrant that they have carefully read all the terms of this Agreement, that they know the contents therein, that they understand them, that they sign the same freely and voluntarily and that they intend to be legally bound thereby.

21. It is further understood and agreed that each of the parties to this Agreement

expressly acknowledges that it participated in the drafting of this Agreement. Accordingly, the language contained within and comprising the substance of this Agreement shall not be presumptively construed either in favor of or against any one party on the grounds that said party or parties drafted this Agreement.

\*\* Remainder of Page Left Blank \*\*

Dated: 4/25/11

Coastal Title Agency, Inc.

By: _____
**Robert F. Agel, President**
**Coastal Title Agency, Inc.**

Walsh Securities, Inc.

Dated: _____

By: _____

Its: _____

Dated: April 19, 2011

Commonwealth Land Title Insurance Company

By: VINCENT J SHARKEY JR

Its: SENIOR VICE PRESIDENT

Dated: April 19, 2011

Fidelity National Title Insurance Company of New York

By: VINCENT J SHARKEY JR

Its: SENIOR VICE PRESIDENT

Case 10-44845-NLW    Doc 41-2    Filed 05/02/11    Entered 05/02/11 17:10:25    Desc
Exhibit A - Settlement Agreement and Release    Page 13 of 14

Apr 18 11 03:03p    Walsh    973-2673849    p.2

Coastal Title Agency, Inc.

Dated: _____

By: _____

Walsh Securities, Inc.

Dated: 4/18/11

By: Robert Walsh

Its: President

Commonwealth Land Title Insurance Company

Dated: _____

By: _____

Its: _____

Fidelity National Title Insurance Company of New York

Dated: _____

By: _____

Its: _____

Dated: 4/22/2011

**General Star Indemnity Company**

By: _Alexandra Kowalski_

Its: _Second V.P., Claims_

06/2160863.v4