Gary F. Eisenberg, Esq.
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
Co-Counsel for Cherokee Equities, LLC

| | |
|---|---|
| In Re:<br><br>WALSH SECURITIES, INC.,<br><br>Debtor. | Case No.: 10-44845<br><br>Hon. Novalyn L. Winfield |

**FIRST AMENDED PLAN OF REORGANIZATION
SUBMITTED BY CHEROKEE EQUITIES, LLC**

**Article 1.
Definitions**

For the purposes of construction of this <s>Plan</s>First Amended Plan of Reorganization (the "Plan"), the following terms (and the plural or singular of any term) shall be accorded the meanings set forth in this Article, unless a different meaning is clearly required by ad explained in the context. Terms used in this Plan which are defined in the Bankruptcy Code, Title 11, U.S.C. 1101 et seq. shall have the meaning assigned therein unless herein defined. Without derogating from the foregoing, terms specifically defined in a section in another Article of this Plan shall have the meanings as set forth in such other Section.

1.1    **Administrative Claim**: Any right to payment constituting a cost or expense of administration of the Debtor's estate Allowed under sections 503(b) and 507(a)(1) of the Bankruptcy Code, including any fees and disbursements of the Debtor's counsel to the extent such fees and disbursements are unpaid and have been Allowed by Final Order pursuant to section 330 of the Bankruptcy Code and any unpaid fees or charges assessed against the Debtor's estate under section 1930 of Title 28 of the United States Code.

1.2    **Administrative Claimant**: The holder of an Administrative Claim.

1.3    **Allowed:**  With reference to any Claim or Interest and with respect to the Debtor, (a) any Claim against or Interest in the Debtor that either (i) has been listed by the Debtor in its Schedules, as such Schedules may be amended by the Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim or interest has been filed, or (ii) has been allowed under the Plan, or (iii) has been allowed by Final Order of the Bankruptcy Court, or (iv) as to which a proof of Claim has been timely filed in a liquidated amount with the Bankruptcy Court pursuant

to the Bankruptcy Code or any order of the Bankruptcy Court, or filed late with leave of the Bankruptcy Court after notice and a hearing, and (b) in each such case in (a)(i) and (a)(iv) above, in respect of which no objection to the allowance of such Claim or Interest has been interposed within any applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, a Final Order or other applicable law.  Without limiting the foregoing, the Allowed amount of any Claim shall be reduced to reflect any offsets or recoupments in favor of the Debtor permitted by the Bankruptcy Court.

1.4    **Assets:** All of the rights, title and interest of the Debtor, whether tangible, intangible, real or personal, that constitute property of the Debtor's estate within the purview of section 541 of the Bankruptcy Code.

1.5    **Assumed Executory Contracts and Leases Notice:**  That notice that shall be filed by Proponent not less than twenty (20) days before the hearing to consider confirmation of the Plan setting forth the executory contracts and unexpired leases to be assumed and/or assigned pursuant to the Plan (to the extent not otherwise expressly provided under the Plan).

1.6    **Bankruptcy Code or Code:** The United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

1.7    **Bankruptcy Court:** The United States Bankruptcy Court for the District of New Jersey.

1.8    **Bankruptcy Rule(s):** The Federal Rules of Bankruptcy Procedure, as amended and promulgated under section 2075, Title 28, United States Code.

1.9    **Borrower:** The Debtor.

1.10    **Business Day:**   A day other than a Saturday, Sunday or any other day on which commercial banks in Newark, New Jersey are authorized or required by law to close..

1.11    **Claim:**  As defined in Section 101(5) of the Bankruptcy Code.

1.12    **Claimant:** A person or entity holding a Claim or Interest (including, his, her or its successors, assigns, heirs, executors, or personal representatives).

1.13    **Committee:**  There is no official committee of unsecured creditors in this case.

1.14    **Confirmation Date:** The date on which the Bankruptcy Court shall enter a order confirming this Plan in accordance with the provisions of the Bankruptcy Code.

1.15    **Counsel for Proponent:**  Herrick, Feinstein LLP, One Gateway Center, Newark, NJ 07102, Phone (973) 274-2000, Fax. (973) 274-6424, Attn:  Gary F. Eisenberg, Esq.

1.16    **Debtor:** Walsh Securities, Inc.

1.17    **Deficiency Claims:**  The Allowed Claims of any Creditor holding a Claim that is in part evidenced and/or secured by a lien on the Property to the extent that such claim is an Unsecured Claim as provided under Section 506(a) of the Bankruptcy Code.

1.18    **Disbursing Agent:**  As defined in Section 5.2 below.

1.19    **Disclosure Statement:**  The Disclosure Statement, as same may be amended, filed on or about April 8, 2011, by Proponent pursuant to Section 1125 of the Bankruptcy Code.

1.20    **Disputed Claim:**  Any Claim that is scheduled as disputed, contingent or unliquidated, or which is objected to in whole or in part before the Effective Date.

1.21    **Distribution Date:**  The latter of the date following the Confirmation Date on which the Disbursing Agent (defined in Article V) has sufficient funds to make the distributions (if any) required to all holders of Allowed Claims or Interests other than holders of Claims which have agreed to a different treatment; provided, however, that the Distribution Date shall not occur until the Effective Date.

1.22    **Effective Date:**  The later of (i) the earlier of (A) the first business day following the twentieth day after entry by the Court of the Confirmation Order or (B) the date designated by Proponent in writing as the Effective Date, or (ii) the first business day after which the Confirmation Order shall have become a Final Order; provided, however, that in no event shall the Effective Date occur until the Designee or Proponent have obtained all appropriate licenses to own, operate and maintain any and all businesses located on the Property under applicable non-bankruptcy law; and provided, further, Proponent may waive the condition that the Confirmation Order have become a Final Order by a writing duly executed by Proponent and filed with the Court on or before the date which, but for the pendency of appeal, would become the effective date of the Plan, and in the event that said condition is timely waived by Proponent in the manner set forth in this paragraph, the Plan shall become effective as provided herein notwithstanding the pendency on said date of an appeal or appeals.

1.23    **Election:**  The election that may be made by a Secured Creditor pursuant to Section 1111(b) of the Bankruptcy Code.

1.24    **Equity Holder:**  Those persons holding a share certificate in the Debtor corporation.

1.25    **Estate:**  The Bankruptcy estate of the Debtor created by the filing of the petition.

1.26    **Executory Contract:**  Any contract or unexpired lease subject to section 365 of the Bankruptcy Code between the Debtor and any other Person or Persons.

1.27    **Final Order**:  An order as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, move for a stay pending appeal, petition for certiorari, reargue, or rehearing shall have been waived in writing in form and substance satisfactory to Proponent or, in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order shall

3

have been denied by the highest court to which such order was appealed, or certiorari, reargument or rehearing shall have been taken and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or Bankruptcy Rules 9023 or 9024 may be filed with respect to such order shall not cause such order not to be a Final Order.

    1.28   **Free and Clear:** Free and clear of all liens, security interests, Claims, encumbrances and interests, including any claim against the Debtor, Trustee, any Secured Creditor or their successors and assigns arising from, based upon, sounding in or relating to any theory of successor liability or claim or debt assumption.

    1.29   **General Unsecured Claim:** Any Claim that is not a Secured Claim and that is not a Priority or Administrative Claim.

    1.30   **Insider:** Any "insider" as that term is defined in Paragraphs (B) or (E) of Section 101(31) of the Bankruptcy Code.

    1.31   **Insider Claim:** Any Claim against the Debtor held by an Insider.

    1.32   **Interest:** An equity interest in the Debtor or the right to acquire the same, including, without limitation, an interest as holder of any stock interest or certificate of stock interest or as a holder of an option or warrant to acquire any of the foregoing interests, any partnership interest or any limited liability company interest.

    1.33   **Lien:** Has the meaning as set forth in 11 U.S.C. § 101(37).

    1.34   **Liquidating Agent:** The individual appointed pursuant to Section 5.2 below.

    1.35   ~~1.34~~  **Person:** Any individual, corporation, general partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate or trust.

    1.36   ~~1.35~~ **Petition:** The voluntary petition initiating the Debtor's bankruptcy case.

    1.37   ~~1.36~~ **Plan:** This Plan of Reorganization, as the same hereafter may be further amended or modified, consisting of Articles 1 through 7 inclusive.

    1.38   ~~1.37~~ **Plan Documents:** All documents to be executed and delivered in partial or total satisfaction of the Allowed Claim of any Holder under the Plan.

    1.39   ~~1.38~~ **Priority Claim:** Any Claim to the extent that such Claim is entitled to priority under 11 U.S.C. §507(a).

    1.40   ~~1.39~~ **Pro Rata:** The proportion which the amount of an Allowed Claim in a particular Class bears to the aggregate amounts of all Allowed Claims in such Class.

1.40 **Property:** The Regency Park Apartments, located at 64 Regency Drive, Mount Holly, New Jersey 08060, together with improvements, easements, and all other rights appurtement thereto, together with all other real property of the Debtor encumbered by any mortgage, lien or security interest in favor of Proponent.

1.41 **Property:** The RICO Action.

1.42 1.41 **Property TransferProponent:** The Person named as the filer of this Plan. Has the meaning as set forth in Section 3.1.1 of this Plan.

1.43 1.42 **RICO Action**: Walsh Securities, Inc. v. Cristo Property Management, Inc., Civil Action No. CV-97-34961, pending in the United States District Court for the District Court of New Jersey.

1.44 1.43 **Secured Claim:** A Claim of a Creditor secured by a valid, perfected and enforceable "lien" (as that term is defined in § 101(37) of the Code) on any "property" of the Debtor's estate, but only to the extent of the "value" of such Creditor's interest in such property (except in the event of an election by such creditor of application of 11 U.S.C. § 1111(b)(2), if applicable), as determined by the Court pursuant to § 506(a) of the Code and Rule 3012, or as otherwise agreed to and allowed pursuant to a Final Order, and including Claims under § 506(b) of the Code which may be allowed by a Final Order of the Court upon agreement of the parties or upon contested proceedings. In accordance with the definition set forth in § 506(a) of the Code, "Secured Claim" specifically excludes that portion of a Claim of a Creditor having a lien against any property of the Debtor's estate to the extent that the value of such Creditor's interest in the property is less than the amount of such Claim. To the extent of any deficiency in the value of the interest of the holder of the Secured Claim in such property, such deficiency is an Unsecured Claim (except in the event of an election by such creditor of application of to 11 U.S.C. § 1111 (b)(2), if applicable).

1.45 1.44 **Secured Creditor:** A holder of a Secured Claim.

1.46 1.45 **Unimpaired:** Treatment of a Claim as provided in Section 1124(1) or (2) of the Bankruptcy Code so as to render such Claim not "impaired" as provided in Section 1124 of the Bankruptcy Code.

1.47 1.46 **Unsecured Claim:** The Claim held by any unsecured creditor of the Debtor other than Secured Claims, Administrative Claims or Priority Claims.

## Article 2.
## CLASSIFICATION AND DESCRIPTION
## OF CLAIMS AND INTERESTS

2.1 **Class 1  Unsecured Claims:**

2.1.1 Class 1 shall consist of the Allowed Unsecured Claims, other than Insider Claims.

2.1.2 Class 1 Claims are impaired.

5

2.2 **Class 2 – Insider Claims:**

 2.2.1 Class 2 shall consist of the Insider Claims against the Debtor.

 2.2.2 The Class 2 Claims are impaired.

2.3 **Class 3   Interests:**

 2.3.1 Class 3 shall consist of the Allowed Interests of the equity holders of the Debtor.

 2.3.2 The Class 3 Interests are impaired.

2.4 **Administrative Claims:**  Administrative Claims are not classified.

 2.4.1 <u>Administrative Claim Bar Date.</u>  All requests for payment of Administrative Claims, other than applications for approval of professional fees and disbursements, must be filed with the Bankruptcy Court and served upon the Debtor and Class 1 Creditor no later than thirty days after the Effective Date (the "Administrative Claim Bar Date"). Final applications for approval of professional fees and disbursements shall be filed with the Bankruptcy Court and served upon the Debtor, the Trustee, Class 1 Creditor and all other parties entitled to notice under the Bankruptcy Rules no later than sixty days after the Effective Date. Any Person that fails to comply with this provision shall be barred from seeking any recovery in respect of such Claim.

 2.4.2 <u>Payment of Administrative Claims:</u>  Except to the extent that the holder thereof agrees to a different treatment, all Allowed Administrative Claims, other than Administrative Claims arising from the Trustee's retention of professionals, shall be paid in Cash on <ins>the later of (i) the Effective Date or (ii)</ins> the later of (a) ten business days after the Administrative Claim Bar Date, (b) the date such Administrative Claim is Allowed, (c) the date on which payment is due in accordance with the agreement or contract giving rise to such Administrative Claim, or (d) such other terms as may be mutually agreed to by the holder of such Administrative Claim and Proponent.  Proponent reserves the right to object to any Administrative Claim on any legal basis available to it <del>and to withdraw the Plan if Administrative Claims in total exceed $10,000.00 (other than those of Stone & Magnanini exclusive of that firm's expenses)</del>.  <ins>Section 5.1.2 applies to any advance made by Proponent to pay any Administrative Claim</ins>.

## Article 3.
## TREATMENT OF CLAIMS AND INTERESTS

3.1 **Class 1 General Unsecured Claims:**

6

3.1.1   Class 1 shall consist of the allowed claims of those creditors holding Unsecured Claims against the Debtor, except those claims which are included in Class 2.  Each holder of an Allowed Claim in Class 1 shall receive Cash equal to its *pro rata* share of the proceeds of the liquidation of the RICO Action and all other Assets, if any, based on a ratio of the amount of such Allowed Claim to all Allowed Class 1 Claims, after payment of Administrative Claims and repayment of any advance in accordance with Section 5.1.2, on the latter of (a) the Effective Date, (b) the date on which such Claim becomes an Allowed Claim, or (c) the date not les than five (5) days after the date of receipt of such proceeds.

3.2    **Class 2 Insider Claims:**

3.2.1   Class 2 shall consist of the Allowed Claims of the Insiders.  The Class 2 Claims shall be subordinated to the level of, and receive the same treatment as, the holders of Class 3 Equity Holders.  Notwithstanding the foregoing, if the Bankruptcy Court (after an appropriate hearing as determined by the Bankruptcy Court) shall determine that any Claim of any holder in Class 2 shall not be subordinated as provided in the previous sentence (an "Unsubordinated Insider Claim"), the holder of any such Allowed Unsubordinated Insider Claim shall receive treatment as if such Allowed Unsubordinated Insider Claim were a Class 1 Claim, but the proceeds of such Claim distribution shall be paid into the Court pending the resolution of the chapter 11 cases of Robert and Lorraine Walsh.

3.3    **Class 3 Interests:**  Class 3 shall consist of the Allowed Interests of the equity holders of the Debtor. The equity holders will not receive any distribution on account of such equity position unless all other Classes are paid in full.

## Article 4.
## RELEASES

4.1    **Release of Pre-Confirmation Obligations:**  In consideration of the treatment provided under the Plan, all claimants hereby release, remise and forever discharge Proponent and its affiliates (hereinafter collectively the "Released Party") from any and all manner of actions, causes of actions, suits, debts, accounts and claims which each party ever had, now has or may have arising out of or related to the business affairs or management of the Debtor or the investment in the Debtor whether known or unknown, except to the extent of any obligations undertaken by such Released Party in connection with this Plan.

## Article 5.
## IMPLEMENTATION OF PLAN

5.1    **Payments to Creditors:**

5.1.1    Payment by Disbursing Agent

Claims will be paid in U.S. funds by the Disbursing Agent, as the case may be, as funds become available from the ~~Property's operations, as more fully projected in the Budget (as defined in and attached to the Disclosure Statement).~~RICO Action's proceeds.  If insufficient funds are made available to the Disbursing Agent to pay Administrative Claims as of the Effective Date of the Plan, the Plan shall not take effect.

7

5.1.2    Treatment of Proponent Advances

If Proponent makes an advance to pay any Administrative Claim, Proponent's advance shall be treated as a loan secured by a lien on all of the Debtor's assets with priority over all other liens (if any) and claims and interests, to bear interest at the contract rate at which Proponent's claim currently bears interest under the applicable loan documents evidencing Proponent's claim, and Proponent shall be entitled to the repayment of such advance with interest before any distribution is made to any creditor or holder of interest Class 1, 2 or 3.

5.2    ~~Disbursing~~**Liquidating Agent:**

5.2.1    ~~Disbursing~~Naming of Liquidating Agent

Proponent shall appoint Alton D. Kenney a person to act as ~~Disbursing~~Liquidating Agent for the purpose of exercising the powers set forth below.  This shall include the making of all distributions provided for under the Plan.

5.2.2    Powers of the ~~Distribution~~Liquidating Agent

The ~~Disbursing~~Liquidating Agent shall be empowered to (i) take all steps and execute all instruments and documents necessary to effectuate the disbursements to be made under this Plan; (ii) make Distributions contemplated by this Plan; (iii) comply with this Plan and the obligations thereunder; (iv) employ, continue the employment of, retain, or replace professionals to represent it with respect to its responsibilities (including control of the RICO Action as the Debtor's authorized representative with full power to act in the Debtor's name); and (v) exercise such other powers as may be vested in it pursuant to order of the Court or pursuant to this Plan, or as ~~it~~the Liquidating Agent reasonably deems to be necessary and proper to carry out the provisions of this Plan.  In carrying out his duties, the Liquidating Agent shall have the powers of a trustee in a chapter 11 case but shall not be required to file operating reports.

5.2.3    Duties of the ~~Disbursing~~Liquidating Agent

The ~~Disbursing~~Liquidating Agent shall have the duties of carrying out the disbursement under this Plan, which shall include taking or not taking any action which the ~~Disbursing~~Liquidating Agent deems to be in furtherance thereof, including, from the date of its appointment, making payments and conveyances and effecting other transfers necessary in furtherance of this Plan.

5.3    **Documents**:  Without derogating from any authority granted to Proponent under Article 3 of this Plan, the ~~Disbursing~~Liquidating Agent is authorized to execute and deliver all documents to which the Debtor shall be a party pursuant to this Plan.  The ~~Disbursing~~Liquidating Agent shall have no personal liability arising out of such execution and delivery and shall be entitled to the benefit of the release under Article 4 above relating to such execution and delivery.

8

5.4    **Termination of Plan Obligations:**  The obligations of Proponent and/or the ~~Disbursing~~Liquidating Agent, as applicable, to the holders of outstanding Allowed Claims shall terminate at the occurrence of the earliest of any of the following events:

    5.4.1    the Claimant has received any and all sums due under the Plan;

    5.4.2    The Claimant has received payment of and/or the treatment for the Allowed amount of its Claim from any source;

    5.4.3    a court of competent jurisdiction has declared all obligations under the Plan satisfied.

5.5    **Prepayment:**    The ~~Disbursing~~Liquidating Agent and Proponent, as applicable, shall have the right at any time to prepay any obligation in whole or in part without penalty and to so designate the application of any such prepayment.

5.6    **Procedures Regarding Claims Objections:**    The Proponent shall have the exclusive right subsequent to confirmation of the Plan to object to the allowance of claims. Proponent's claim shall be allowed in the amount of Proponent's proof of claim plus all attorneys' fees incurred in connection with the enforcement of the loan documents underlying Proponent's claim.  If the non-Insider creditors accept the Plan, the Proponent reserves the right to, but currently does not intent to, object to their claims.  If the Plan is Confirmed, Proponent reserves the right to object to any of the other filed proofs of claim or scheduled claims.  Nothing in this Plan will affect or extend the Bar Date.

5.7    ~~5.6~~ **Effective Date and Distribution Date:**  This Plan shall become effective on the Effective Date.   The Distribution Date shall not occur before the Effective Date.

### Article 6.
### EFFECT OF CONFIRMATION

6.1    **Terms Binding:** On the Effective Date, all provisions of this Plan, including all Exhibits attached hereto, shall be binding upon the Debtor, all Claimants and Interest holders of the Debtor, and all other entities who are affected in any manner by the Plan. All Exhibits attached hereto shall have in force and effect, and shall be binding on the parties thereto, as of the Effective Date whether or not such Exhibits shall actually have been executed, issued or delivered on the Effective Date or thereafter.

6.2    **Discharge:** Except as otherwise provided in this Plan or the Disclosure Statement and 11 U.S.C. § 1141, an order confirming this Plan shall constitute a discharge, as of the Effective Date, of any and all debts, claims or liabilities, whether liquidated or unliquidated, known or unknown, fixed or contingent, of the Debtor that arose at any time prior to the entry of the Confirmation Order (other than as provided under any Plan Document).

6.3    **Effect of Transfer of Assets:**  Upon transfer of the Assets as provided under the Plan, the transferee of the Assets shall own and be entitled to operate the Assets free of any restrictions of the Bankruptcy Code or Bankruptcy Court.

6.4 **Assumption and Rejection of Executory Contracts:** The confirmation of this Plan shall constitute a rejection of all leases and executory contracts to which the Debtor is a party, as of the Effective Date, except for those leases that shall be set forth on the Assumed Executory Contracts and Leases Notice. Any proof of Claim for damages arising out of any assumption or rejection must be filed with the Bankruptcy Court within thirty (30) days of the order granting the rejection (unless governed by a more specific order of court and those leases with any parties holding Allowed Class 8 Claims). Failure to file such a proof of Claim in a timely fashion shall result in its disallowance unless the Bankruptcy Court orders otherwise.

6.5 **Automatic Stay:** The automatic stay of 11 U.S.C. §362 shall remain in effect until the Effective Date, other than as previously modified by order of the Bankruptcy Court.

6.6 **Conditions Precedent:** Subject to waiver by the Proponent, the occurrence of the Effective Date of this Plan is subject to the following conditions precedent:

> 1. The Confirmation Order shall have become a Final Order; and
>
> 2. Any and all other actions and all agreements, instruments or other documents necessary to implement the terms and provisions of this Plan shall have been executed, and approved by the Court, if necessary, prior to the Effective Date.

If the above conditions of the Plan are not met, the Proponent may (i) withdraw the Plan, or (ii) waive, in whole or in part, any such conditions.

6.7 ~~6.6~~ **Retained Causes of Action:** Except as otherwise provided herein, ~~Disbursing~~Liquidating Agent, as applicable, as of the Effective Date, shall retain all causes of action against third parties, including, without limitation, claims arising under Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code.

### Article 7.
### MISCELLANEOUS PROVISIONS

7.1 **Retention of Jurisdiction by the Bankruptcy Court after Effective Date:** Until the Plan has been fully consummated, the Bankruptcy Court shall retain jurisdiction for the following purposes:

7.1.1 Classification of any Claim, re-examination of any Claim that has been Allowed for purposes of voting, and determination of any objection filed to any Claim. Failure of the Debtor or the Proponent to object to any Claim for the purpose of voting shall not be deemed to be a waiver of the Debtor's or the Proponent's right to object to the Claim in whole or in part. Notwithstanding the foregoing, the Claim of Proponent shall be deemed upon entry of and pursuant to the Confirmation Order to be an Allowed Unsecured Claim.

7.1.2 Determination of all questions and disputes regarding all assets of the Estate, and determination of all causes of action, controversies, disputes, or conflicts involving the Debtor or its assets and arising (i) prior to the Effective Date, whether or not subject to action pending as of the Confirmation Date, or (ii) subsequent to the Effective Date, between the

10

Debtor and any other party (other than with respect to the Allowed Unsecured Claim of Proponent).

  7.1.3 Determination of any issue, violation, injunction, contempt, relief, or other proceeding as contemplated under Section 362 of the Bankruptcy Code or as necessary to enforce the discharge provided for in the Plan.

  7.1.4 Correction of any defect, curing of any omission or reconciliation of any inconsistency in the Plan, or in the Confirmation Order, as may be necessary or appropriate to carry out the purposes and intent of the Plan.

  7.1.5 Modification of the Plan after the Confirmation Date, pursuant to the Bankruptcy Code and the Rules of Bankruptcy Procedure.

  7.1.6 Interpretation of the Plan.

  7.1.7 Entry of any order, including a mandatory injunction or restraining order, required to facilitate consummation of the Plan or to enable the Effective Date to occur; and reconsideration or vacation of the order of confirmation in the event consummation of the Plan on the Effective Date is rendered impossible.

  7.1.8 Entry of an order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor or Claimants or other parties in interest, and to impose such limitations, restriction, terms and conditions of such title, rights, and powers as the Bankruptcy Court may deem necessary.

  7.1.9 To the extent necessary adjudicate pending litigation.

  7.1.10 Entry of any order, including an order closing the case under which this Plan is filed.

  7.2 **Modification to the Plan**:

  7.2.1 **Before Confirmation:** At any time prior to confirmation, Proponent may modify the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code. If Proponent files a modification with the Bankruptcy Court, the Plan as modified shall become the Plan.

  7.2.2 **After Confirmation:** Any time after confirmation and before substantial consummation of the Plan, Proponent may modify the Plan but may only modify the Plan so that the Plan as modified meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code. The Plan as modified under this Section 7.2.2 becomes the Plan only if the Bankruptcy Court, after notice and hearing, confirms such Plan as modified, under Section 1129 of the Bankruptcy Code.

  7.3 **Disputed Claims:** Notwithstanding any other provision of this Plan, any Disputed Claim shall not be paid in accordance with the provisions of the Plan until such Disputed Claim has become an Allowed Claim.

7.4    **Remedy of Technical Defects:** After the Effective Date, with approval of the Bankruptcy Court, and so long as it does not materially and adversely affect the interests of any Claimant, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the order confirming the Plan in such manner as may be necessary to carry out the purposes and effect of the Plan.

7.5    **Notice of Default Under the Plan:** No default shall be declared under the Plan unless any payment due under the Plan (other than a payment required on the Effective Date) shall not have been made or deemed made ninety (90) days after written notice of the default to Proponent.

7.6    **Cure of Defaults Under the Plan:** Except as provided in Section 6.4 hereof, as applicable, as of the Effective Date, shall have ninety (90) days after receipt of written notice of any default under the Plan in which to cure such default.

7.7    **Inconsistencies:** In the event that there is any inconsistency between the Exhibits to the Plan or any instrument given pursuant to the Plan, on the one hand, and Articles 1 through 7 of the Plan, on the other hand, unless otherwise provided in the Confirmation Order, the provisions of Articles 1 through 7 hereof shall govern.

7.8    **Content of Notice of Default:** Any notice of default given under this Plan or under any Exhibit or instrument delivered pursuant to this Plan shall (a) conspicuously state that it is a notice of default, (b) describe with particularity the nature of the default, including a reference to the specific provisions of the Plan, Exhibit or instrument as to which a default has occurred, and (c) describe any action required to cure the default, including the exact amount of any payment required to cure such default.

7.9    **Governing Law:** To the extent that the law of any state governs the interpretation or application of any provision of this Plan, the governing law shall be that of the State of New Jersey.

7.10    **No Interest:** Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty or late charge is to be Allowed on any Claim subsequent to the Filing Date.

7.11    **No Attorneys' Fees:** No attorneys' fees will be paid with respect to the collection of any claim except as specified herein or as allowed by an order of the Bankruptcy Court.

7.12    **Voting by Impaired Class:** Each impaired Class of Claims or Interests in the Estate shall be entitled to vote to accept or reject the Plan.

7.13    **Acceptance Requirements:** A Class of impaired claimants shall have accepted the Plan if the Plan is accepted by at least two thirds (2/3) in amount, and more than one-half (1/2) in number of the Claims of such Class that are permitted to vote and that have voted to accept or reject the Plan.

7.14 **Confirmation Over Objection:** In the event any impaired Class of Claimants shall fail to accept the Plan, the Proponent reserves the right to request that the Court confirm the Plan in accordance with the applicable provisions of § 1129(b) of the Code.

7.15 **U.S. Trustee's Fees:** Timely payment of fees incurred pursuant to 28 U.S.C. §1930 (a)(6) shall be made. After the Effective Date, upon filing of a certification of substantial performance of the plan, the Proponent may request that the Bankruptcy Case be closed.

7.16 **The Failure to Satisfy a Confirmation Condition or an Effective Date Condition:** If one or more of the conditions to Confirmation or the Effective Date that has not been waived and the time within which such condition must be satisfied has expired, the Plan shall be deemed null and void, and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor.

7.17 **Time:** In computing any period of time prescribed or allowed by this Plan, the date of an act, event, or default from which the designated period of lime begins to run shall not be included. The last day of the period so computed shall be included, unless it is not a Business Day. When the period of time prescribed or allowed is less than eight (8) days, intermediate days that are not Business Days shall be excluded in the computation.

7.18 **No Waiver of Discharge:** Except as otherwise specifically provided herein, nothing in this Plan shall be deemed to waive, limit or restrict in any way the discharge granted upon Confirmation of the Plan in section 1141 of the Bankruptcy Code.

7.19 **Reports:** After confirmation and within thirty (30) days after the end of each calendar quarter, the Proponent shall file with the Court and serve on the United States Trustee a quarterly financial report for each calendar quarter (or portion thereof) during which the case remains open, in a format prescribed by the UST and provided to the debtor by the UST.

**Proponent:**

**CHEROKEE EQUITIES, LLC**


**BY:   /s/ Jay Wolfkind**
         **Jay Wolfkind, Authorized Signatory**



 **HERRICK, FEINSTEIN LLP**


**BY:   /s/ Gary F. Eisenberg,**
         **Gary F. Eisenberg, Esq.**
         **Atty. for Proponent**

13

**Dated: ~~April 8,~~June____, 2011**

14

Document comparison by Workshare Professional on Monday, June 20, 2011 11:04:42 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://HFDMS/HF/6427963/2 |
| Description | #6427963v2<HF> - Plan of Reorganization 4-7-11 |
| Document 2 ID | interwovenSite://HFDMS/HF/6567946/3 |
| Description | #6567946v3<HF> - First Amended Plan of Reorganization 6-20-11 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 48 |
| Deletions | 36 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 84 |