| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue - Suite 207<br>P.O. Box 1029<br>Millburn, New Jersey 07041<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel to Debtor<br>LEONARD C. WALCZYK, ESQ. (LW-4720) | |
| In Re:<br><br>WALSH SECURITIES, INC.,<br><br>　　　　　　　　　　　Debtor. | Case No.: 10-44845<br><br>Hon. Novalyn L. Winfield<br><br>Chapter: 11<br><br>Hearing Date August 29, 2011 at 10:00 a.m. |

**APPLICATION IN SUPPORT OF MOTION TO COMPEL TURNOVER OF
PROPERTY TO THE ESTATE PURSUANT TO 11 U.S.C. SECTION 542(e)**

TO:　HONORABLE NOVALYN L. WINFIELD,
　　　United States Bankruptcy Judge

　　　WALSH SECURITIES, INC., Chapter 11 Debtor herein (the "Debtor"), respectfully represents as follows:

### BACKGROUND

　　　1.　The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on November 9, 2010. No Trustee has been appointed.

　　　2.　The Debtor incorporates by reference the objections to the original Disclosure Statement filed by Cherokee Equities. See Docket Entry No. 46. The First Amended Disclosure Statement fails to remedy the deficiencies as previously described in the Debtor's Objection to the original Disclosure Statement.

3. The Debtor was formerly a large mortgage business, with fourteen (14) offices in twelve (12) states, approximately 175 employees and over 1,600 independent brokers. The Debtor at one time produced over $660 million of mortgages a year.

4. Robert Walsh is the President, sole officer, director and majority owner of WSI. Prior to forming WSI, Mr. Walsh was the President of Carteret Savings Bank, which was New Jersey largest savings and loan.

5. In 1997, WSI commenced an action in the United States District Court for the District of New Jersey, against a multitude of defendants. In its Complaint, Walsh alleges that it was the victim of a fraudulent scheme perpetrated by a large number of mortgage companies, real estate appraisers, attorneys and title companies, which ultimately induced WSI to purchase a large number of loans on real properties where the prices had been inflated. This fraud scheme ultimately led to the demise of WSI.

6. Robert Walsh has never been implicated in any of the wrongdoing, and in fact, has spent the last thirteen (13) years of his life pursuing redress against the perpetrators of the fraud through the aforementioned litigation. Robert Walsh is also a Chapter 11 Debtor in Possession with his case pending before this Court.

7. WSI is represented in the aforementioned litigation by Stone & Magnanini, LLP, a prestigious and capable litigation firm.

8. Stone & Magnanini is handling certain litigation pending in the United States District Court for the District of New Jersey, entitled Walsh Securities, Inc. v. Cristo Property Management, Ltd. et al, Civil Action 97-3496, ("the Litigation" or "the RICO Action") which Robert A. Magnanini, Esq. has handled since its inception in 1997. The action seeks to recover

direct, consequential and punitive damages arising from a residential real estate flipping scheme that defrauded the Debtor out of approximately 230 loans, over the course of at least sixteen (16) months, with a total amount of approximately $24 million dollars in principal, and, as of 2007, over $45 million dollars in accrued interest, over $5.5 million in attorney's fees and costs, the loss of a sale of the company for over $420 million and finally, the destruction of the Debtor, with the loss of over 250 jobs in fourteen (14) offices in twelve (12) States.

9.  The action was first stayed, then administratively dismissed from June 9, 1998 until September 30, 2004, pending completion of numerous criminal prosecutions of many of the Defendants. A Third Amended Complaint was filed on January 31, 2005 and a present Fourth Amended Complaint was filed on July 10, 2009.

10. Discovery has been substantially completed in the Litigation. The parties have attended multiple mediations and a settlement conference presided over by the Honorable Dickinson Debevoise, Judge of the United States District Court for the District of New Jersey. Judge Debevoise has advised the parties, that if the matters are not settled, the case will be assigned to a Judge, with instructions to proceed to trial of the issues in due haste.

11. At all relevant times, the general outside counsel for Walsh Securities, Inc. ("WSI") was John J. Oberdorf, Jr. ("Mr. Oberdorf") of Robinson, St. John & Wayne, which is now LeClairRyan. Mr. Oberdorf led the leveraged buyout of WSI, was involved in negotiating the warehouse credit line with Greenwich Capital, his firm litigated numerous matters on behalf of WSI, and he served as general outside corporate and litigation counsel. As WSI's general outside counsel, Mr. Oberdorf kept and maintained the corporate books and records of WSI. The law firm with which Mr. Oberdorf was a partner changed names several times and is now

LeClairRyan. It is Debtor's understanding that Mr. Oberdorf still maintains the books and records of WSI, in addition to other client files. In the course of the RICO litigation, WSI obtained from Mr. Oberdorf WSI's client files related to the Cityscape litigation, though the records were not complete due to changes in the firm. Debtor now seeks an Order of this Court compelling the turnover of the balance of the Debtor's books and records.

12. Section 542(e) of the Bankruptcy Code provides as follows:

> "Subject to any applicable privilege, after notice and a hearing, the Court may Order an attorney, accountant, or other person that holds recorded information, including books, documents, records and papers, relating to the Debtor's property or financial affairs, to turnover or disclose such recorded information to the Trustee."

11 U.S.C. Section 542(e).

13. Section 542(e) was intended to prevent attorneys, accountants, and other similarly protected by state law, from asserting a lien on the Debtor's property to obtain repayment of their fees "in full ahead of other creditors." H.R. Rep. No. 595, 95th Cong., 1st Sess. 369-70 (1977) *Reprinted in* App. Pt. 4(d)(i) *Infra*; Sp. Rep. No. 989, 95th Cong., 2nd Sess. 84 (1978), *Reprinted in* App. Pt. 4(e)(i) *Infra*. It applies when the documents are not property of the estate, or when the documents are property of the estate, but adequate protection of the entity's interest cannot be provided under Section 542(a), as long as the documents relate "to the Debtor's property or financial affairs."

14. The Debtor is entitled to return from the Debtor's attorney of the entire original file. See N.J. Eth. Op. 445, 104 N.J.L.J. 567, 1979 WL 26344 (N.J. Adv. Comm. Prof. Eth.). Clearly, the documents sought from Mr. Oberdorf and LeClairRyan relate to the Debtor's property or financial affairs in that they relate to the Debtor's Bankruptcy Proceedings and in

particular, are necessary for the Debtor's pursuit of its RICO claims.

**WHEREFORE**, your Applicant respectfully requests that the Court enter an Order substantially in the form submitted herewith compelling turnover of property to the estate pursuant to 11 U.S.C. Section 542(e.

WASSERMAN, JURISTA & STOLZ, P.C.
Attorneys for Walsh Securities, Inc., Debtor

By: /s/ Leonard C. Walczyk
LEONARD C. WALCZYK

Dated: August 4, 2011.