## GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL

HARRY A. GOLDENBERG (1938-2003)
KENNETH D. MACKLER***
JOSEPH ERAN SAYEGH**
LAWRENCE A. MINTZ***
MARK PFEFFER**
KEITH A. BONCHI
MICHAEL A. GILL****
MICHAEL J. MACKLER**
HOWARD J. HEALD
ALLISON E. WEINER
FRANCIS J. BALLAK
LAUREN E. TYLER
NANCY MARTELLIO
DANIEL G. TRACY
JOEL M. CHIPKIN**
DAVID A. SANTORO

CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY IN THE FOLLOWING AREAS
**   CIVIL TRIAL LAW
***  WORKERS' COMPENSATION LAW
**** MATRIMONIAL LAW

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
660 NEW ROAD, SUITE 1-A
NORTHFIELD, NEW JERSEY 08225
http://www.gmslaw.com
TAX ID #22-1980737
---------
(609) 646-0222
FAX (609) 646-0887

kbonchi@gmslaw.com

ATLANTIC CITY OFFICE
1030 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
(609) 344-7131
FAX
(609) 347-6024

RIO GRANDE OFFICE
THE HERALD BUILDING
1508 ROUTE 47 SOUTH, SUITE 3
RIO GRANDE, NJ 08242
(609) 886-4333
FAX
(609) 886-9441

PLEASE REPLY TO
NORTHFIELD

September 29, 2011

Honorable Novalyn L. Winfield, U.S.B.J.
United States Bankruptcy Court, Dist. of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07102,

RE:   Walsh Securities, Inc., Debtor
      Docket No: 10-44845 (NLW)
      Our File No: 52804-28

Dear Judge Winfield:

The undersigned represents the Creditor, Cherokee Equities, LLC (hereinafter "Cherokee") in the above-captioned matter. Please accept this letter brief in lieu of a more formal brief in support of Cherokee's motion to dismiss the Chapter 11 Bankruptcy of the Debtor, Walsh Securities Inc. (hereinafter "Walsh Securities").

By way of background, Cherokee is a creditor of Walsh Securities, and Robert Walsh and Lorraine Walsh, individually. On April 21, 2010, the Honorable David F. Bauman, P.J.Cv. entered a judgment in favor of Cherokee Equities, LLC and against Robert and Lorraine Walsh, individually, in the sum of $1,088,442.30. (See **Exhibit "A"** attached to Cherokee's Statement of Counsel).

Thereafter, post-judgment proceedings were commenced by Cherokee in an attempt to collect the judgment. As a result of the post-judgment enforcement proceedings, the Debtor, Walsh Securities, Inc., filed bankruptcy on November 9, 2010 under Chapter 11 of the United

Honorable Novalyn L. Winfield, U.S.B.J.
September 29, 2011
Page 2

States Bankruptcy Code. Walsh Securities had the exclusive right to file a plan until March 9, 2011. No plan has been filed to this date.

Robert Walsh, the principal owner of Walsh Securities, and his wife, Lorraine Walsh, also filed bankruptcy under Chapter 11 of the United States Bankruptcy Code on November 18, 2010. The personal bankruptcy was dismissed by this court on its own motion on September 26, 2011, when it determined *sua sponte* that the Walshes had no right to continue to utilize the bankruptcy court.

A review of the bankruptcy petitions of Walsh indicates that the only real asset of Walsh Securities, Inc. is a federal RICO lawsuit. This lawsuit which is captioned <u>Walsh Securities, Inc. v. Cristo Property, et al</u> (Docket No. 2:97-cv-03496-WGB-MCA) was initially filed on July 17, 1997. It does not appear that this case is close to a resolution in the near future as no trial date has been scheduled.

Moreover, Walsh Securities does not operate nor is it currently in business. It ceased operation at least ten years ago, and its sole asset appears to be the potential to recover money in the RICO case at a future date which is unknown. As we approach approximately eleven months since the date of the filing of the bankruptcy petitions, Walsh Securities has failed to submit any Plan or do anything.

Therefore, for the reasons set forth herein, it is respectfully submitted that Cherokee's motion to dismiss the Chapter 11 Bankruptcy Petition of Walsh Securities must be granted.

Honorable Novalyn L. Winfield, U.S.B.J.
September 29, 2011
Page 3

## LEGAL ARGUMENT

### I

### PURSUANT TO SECTION 11 U.S.C § 1112 THE CHAPTER 11 BANKRUPTCY PETITION OF WALSH SECURITIES MUST BE DISMISSED

Pursuant to Section 11 U.S.C. § 1112, Cherokee, as a creditor, is a party in interest in this matter. Section 11 U.S.C. § 1112 (b) (1) of the Bankruptcy Code allows a party in interest to dismiss a case. That section states pertinently that "except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . .." 11 U.S.C. § 1112 (b) (1). That section also provides that cause for dismissal exists where there is "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(g). The decision to dismiss is within the sound discretion of the Bankruptcy or District Court. In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999). For the reasons that follow, it is in its best interest of Cherokee to dismiss Chapter 11 Bankruptcy of Walsh Securities.

Walsh Securities filed its Chapter 11 Bankruptcy Petition on November 9, 2010. 11 U.S.C. § 1121 governs who may file a reorganization plan when a Chapter 11 Bankruptcy Petition is filed. More specifically 11 U.S.C. § 1121(b) provides that "except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." It is clear that Pursuant to 11 U.S.C. § 1121, Walsh Securities' exclusive right to file a reorganization plan has passed as it had until March 9, 2011 to file one. There is no indication that Walsh Securities has any intention of filing or proposing a

Honorable Novalyn L. Winfield, U.S.B.J.
September 29, 2011
Page 4

plan, because it has not done so in the past eleven months. Walsh Securities has no income and cannot reorganize.

A Bankruptcy Court within the Third Circuit ruled that, "fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides "cause" for dismissal." In re DCNC N. Carolina I, LLC, 407 B.R. 651, 665 (Bankr. E.D. Pa. 2009) aff'd sub nom. DCNC N. Carolina I v. Wachovia Bank, N.A., CIV.A. 09-3775, 2009 WL 3856498 (E.D. Pa. Nov. 13, 2009). There, the Court granted Wachovia's request for dismissal under 11 U.S.C. § 1112(b) on the basis that it was uncertain whether the debtors could "propose confirmable reorganization plan", because the debtors provided a complete lack of detail with regard to their refinancing efforts. Id. at 670.

Similar to In re DCNC , Walsh Securities has not provided or proposed a confirmable reorganization plan over the past eleven months of this proceeding. This is because Walsh Securities is not an ongoing business and thus it has no need to reorganize. Simply put, Walsh Securities is utilizing its Chapter 11 Bankruptcy to attempt to control the RICO litigation. Therefore, as in In re DCNC, this Court must dismiss the Chapter 11 Bankruptcy Petition of Walsh Securities.

In the case of In re Ramreddy, Inc., 440 B.R. 103, 115 (Bankr. E.D. Pa. 2009), the Court dismissed the Chapter 11 Bankruptcy for cause, "because the Debtor had not satisfied even the most minimal burden of demonstrating that that it has a reasonable likelihood of achieving a rehabilitation through the Chapter 11 process." The Court went on to say that, "the Debtor presently lacks the assets necessary for reorganization and has presented no evidence that it has taken any action that might put it in the position to provide for its creditors." Id. The Court then

Honorable Novalyn L. Winfield, U.S.B.J.
September 29, 2011
Page 5

stated that, " '[W]hen a Chapter 11 debtor has no intention or ability to reorganize or perform its own liquidation or otherwise fulfill pertinent bankruptcy obligations ... a debtor [should] not be permitted to remain in bankruptcy simply in order to enjoy the protections of the automatic stay.' " Id. (quoting In re Mazzocone, 183 B.R. 402, 412 (Bankr.E.D.Pa.1995), aff'd, 200 B.R. 568 (E.D.Pa.1996)).

Similar to In re Ramreddy Inc., Walsh Securities has not demonstrated that it has a reasonable likelihood of achieving rehabilitation through its Chapter 11 Bankruptcy. This is because it has no assets in which to pay Cherokee as its sole asset appears to be its current RICO litigation. Moreover, there is no indication that Walsh Securities has the intention to reorganize, because the real purpose of the Chapter 11 Bankruptcy is to stay off creditors while the RICO litigation continues. Therefore, as the Court ruled in In re Ramreddy Inc., Walsh Securities should not be permitted to remain in bankruptcy to enjoy the protections of the automatic stay, and the Chapter 11 Bankruptcy of Walsh Securities must be dismissed.

In the case of, In re Midwest Properties of Shawano, LLC, 442 B.R. 278, (Bankr. D. Del. 2010) the Bankruptcy District Court of Delaware dismissed a Chapter 11 Bankruptcy for cause pursuant to 11 U.S.C. § 1112(b)(4)(A).In re Midwest Properties of Shawano, LLC, 442 B.R. 278, 291 (Bankr. D. Del. 2010). The Court found that "the timing of the bankruptcy filings indicate the debtors' intent to block the secured creditors' state court actions and move them to this Court." Id.

Similar to In re Midwest Properties of Shawano LLC, Walsh Securities is attempting to block Cherokee from asserting its state remedies by using the automatic stay to prevent it from

Honorable Novalyn L. Winfield, U.S.B.J.
September 29, 2011
Page 6

collecting on its Judgment. Therefore, as in <u>In re Midwest Properties of Shawano LLC,</u> the Court here must dismiss the Chapter 11 Bankruptcy Petition of Walsh Securities.

## **CONCLUSION**

For the above stated reasons, it is respectfully requested that the Court grant Cherokee's motion to dismiss the Chapter 11 Bankruptcy Petition of Walsh Securities pursuant to 11 U.S.C. § 1112 (b) (1).

    Respectfully yours,

    /s/ Keith A. Bonchi

    KEITH A. BONCHI, ESQUIRE

KAB/DAS/jab
Encl.
cc:  See attached service list

## SERVICE LIST

**Leonard C. Walczyk, Esq.**
Wasserman, Jurista & Stolz, P.C.
225 Millburn Avenue, Suite 207
P. O. Box 1029
Millburn, NJ 07041
Debtor's Attorney

**Daniel Stolz**
Wasserman, Jurista & Stolz
225 Millburn Ave., Suite 207
P.O. Box 1029
Millburn, NJ 07041-1712
Debtor's Atty.

*U.S. Trustee*
**United States Trustee**
One Newark Center, Suite 2100
Newark, NJ 07102

Rabinowitz, Lubetkin & Tully, L.L.C.
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
Attn: Jay L. Lubetkin, Esq.
**Atty. for Banco Popular North America**

Hellring Lindeman Goldstein & Siegal LLP
One Gateway Center
Newark, NJ 07102
Attn: Richard B. Honig, Esq.
**Attys. for Robert & Lorraine Walsh**

**Stone & Magnanini**
150 John F. Kennedy Parkway
Short Hills, NJ 07078
Special Litigation Counsel

**Evan C Wasserman**
J.H. Cohn LLP
75 Eisenhower Pky.
Roseland, NJ 07068
Debtor's Atty.

**Walsh Securities, Inc.**
46 Laura Lane
Morristown, NJ 07960
*Debtor*

**Internal Revenue Service**
**Centralized Insolvency Operations**
P. O. Box 7346
Philadelphia, PA  19101-7346

**Investment 3 LLC**
46 Laura Lane
Morristown, NJ  07960

**Robert Walsh**
46 Laura Lane
Morristown, NJ  07960

**Lorraine Walsh**
46 Laura Lane
Morristown, NJ  07960