| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| --- |
| Caption in Compliance with D.N.J. LBR 9004-2(c) <br> WASSERMAN, JURISTA & STOLZ, P.C. <br> 225 Millburn Avenue - Suite 207 <br> P.O. Box 1029 <br> Millburn, New Jersey  07041 <br> Phone: (973) 467-2700 <br> Fax: (973) 467-8126 <br> Counsel to Debtor <br> DANIEL M. STOLZ, ESQ. (DS-1897) |
| In Re: <br><br> WALSH SECURITIES, INC., <br><br><br>                                        Debtor. |

Case No.: 10-44845

Hon. Novalyn L. Winfield

Chapter: 11

Hearing Date: April 17, 2012 at 10 am

**CERTIFICATION OF ROBERT A. MAGNANINI IN FURTHER OPPOSITION TO MOTION OF CHEROKEE EQUITIES, LLC TO DISMISS BANKRUPTCY FOR FAILURE TO FILE A PLAN UNDER 11 U.S.C. § 1112 AND FOR LACK OF PROSECUTION OF THE BANKRUPTCY**

The Certification of **ROBERT A. MAGNANINI**, in lieu of affidavit, certifies unto this Court as follows:

1. I am an attorney at law of the State of New Jersey and a member of the firm of Stone & Magnanini, LLP, which firm maintains offices at 150 John F. Kennedy Parkway, Short Hills, New Jersey 07078.

2. Pursuant to this Court's January 26, 2011 Order, we represent Plaintiff Walsh Securities, Inc. ("the Debtor") as Special Litigation Counsel in the civil action entitled *Walsh Securities, Inc. v. Cristo Properties, et al.*, pending in the District of New Jersey.

3. This Certification is respectfully submitted to the Court in further opposition to the

motion of Cherokee Equities, LLC to dismiss this bankruptcy action and to provide the Court with an update on the status of the above-referenced civil action which supplements my affidavit dated October 17, 2011 previously filed with this Court (Docket Entry No. 63).

4. The title insurance companies, Commonwealth Land Title Insurance Company, Inc. ("Commonwealth"), Nations Title Insurance of New York Inc. ("Nations"), and Fidelity National Title Insurance Company of New York, Inc. ("Fidelity") (collectively the "Title Insurance Defendants"), are presently the only remaining defendants with assets to pay a judgment being pursued in the case.

5. Summary judgment motions were filed on November 10, 2011 and were fully briefed on January 13, 2012, so that they could be considered and ruled on by the District Court prior to the commencement of expert discovery. The Debtor moved for partial summary judgment on the loans the Debtor repurchased, requesting summary judgment on the issues regarding liability on loans that approximate $50 million on the amounts due for the loans, interest and attorneys fees allowed by the court. The Debtor also opposed three partial summary judgment motions filed by the Title Insurance Defendants to eliminate consequential damages relating to the loss of the sale of the business for $420 million, to dismiss the Debtor's claims for bad faith and to dismiss certain claims which the Title Insurance Defendants assert the Debtor lacks assignments, a new argument which the Title Insurance Defendants had not previously raised. Argument lasting several hours was heard by Judge Debevoise on January 17, 2012. Judge Debevoise has not yet ruled on these motions and we have not been given any indication from the Court as to when any such rulings will be rendered.

7. In addition, affirmative expert reports were to be served by January 30, 2012 and

2

expert depositions were to be completed by April 2, 2012. However, these deadlines were extended pending the outcome of the summary judgment rulings. Once Judge Debevoise rules on the summary judgment motions, the parties will know what issues are left to litigate and what issues will require expert testimony. The parties will confer with the Magistrate Judge and set a schedule for expert reports, depositions, pre-trial motion practice and trial.

8. The Debtor defeated another attempt by Defendants to reopen discovery, turn over more documents and give more depositions. The Court, however, did allow the Defendants to take two more hours of Robert Walsh's deposition limited to documents discovered from the Leclair Ryan firm that the Debtor received in response to a subpoena. Any inquiry outside of the scope of these documents will subject the Defendants to a motion for the Debtor's fees and costs related to such discovery attempts.

9. The Debtor also submitted briefing to Magistrate Judge Shipp for a Report and Recommendation requesting that the Court award the Debtor the lion's share of the Coastal Title Agency settlement proceeds. Defendants are seeking to delay any such ruling by opposing and demanding oral argument on the request. Again, we are awaiting the Court's ruling on that request and we have no indication of when the Court will rule.

10. Judge Shipp also pressed the Debtor to settle with Mr. Richard Calanni, one of the appraisers. The Debtor did not settle with the appraiser. The Debtor will not, however, oppose any application by Mr. Calanni for pro bono counsel.

11. The Title Insurance Defendants have changed their position and reduced their $1 million settlement offer to zero. Their refusal to settle, despite the risk of substantial damages, have served to delay the resolution of this case. Therefore, it does not appear the case will settle

at this time.

    I certify that the statements contained herein are true and correct to the best of my knowledge, information and belief, and I make such statements as an officer of the Court knowing that the Court shall act in reliance upon same.

Dated: April 10, 2012　　　　　　　　　　　　　　　　　ROBERT A. MAGNANINI