# WASSERMAN, JURISTA & STOLZ
## ATTORNEYS AT LAW



A PROFESSIONAL CORPORATION

ROBERT B. WASSERMAN
STEVEN Z. JURISTA
DANIEL M. STOLZ
LEONARD C. WALCZYK
MICHAEL McLAUGHLIN°°
SCOTT S. REVER°°
DONALD W. CLARKE⁺

°°ALSO MEMBER OF PA BAR
⁺ ALSO MEMBER OF NY BAR

225 MILLBURN AVENUE - SUITE 207
P.O. BOX 1029
MILLBURN, N.J. 07041

www.WJSLAW.com

TEL (973) 467-2700
FAX (973) 467-8126

OF COUNSEL

STUART M. BROWN
KENNETH L. MOSKOWITZ⁺
NORMAN D. KALLEN
KEITH E. MARLOWE⁺

EMAIL: DSTOLZ@WJSLAW.COM

September 21, 2012

**Via ECF**

Honorable Novalyn L. Winfield
United States Bankruptcy Court
50 Walnut Street, 3rd Fl., Room 3D
PO Box 1352
Newark, New Jersey 07102

> **In re:  Walsh Securities, Inc. – Chapter 11**
> **Case No. 10-44845 NLW**
> **Our File No. 7670**

Dear Judge Winfield:

This firm represents the Debtor-in-Possession with regard to the above referenced Chapter 11 Proceedings.  I write to the Court with regard to the telephonic Status Conference scheduled for September 25, 2012 at 2:00 p.m. and in response to the letter of Keith A. Bonchi, Esq., counsel for Cherokee Equities, dated September 6, 2012.

As Your Honor is aware, this Chapter 11 Case has a rather long and complicated history.  At the present time, there are absolutely no funds in this Chapter 11 Estate.  Indeed, as an accommodation to the Debtor, this firm recently paid approximately $2,000.00 of U.S. Trustee fees in connection with this case. Robert Walsh, the Principal of Walsh Securities was the subject of a separate Chapter 11 Case, which was dismissed by the court.

The sole asset of this Chapter 11 Estate is certain litigation which has been pending in the United States District Court for extraordinarily long time.  It now appears that that litigation will proceed to trial. The Debtor is represented by Stone Magnanini, LLP in the federal litigation, who was retained by this court on a contingency fee basis.

At an earlier stage of this case, Cherokee had filed a Plan of Reorganization, which it subsequently withdrew.  Cherokee is an unsecured creditor of the within Bankruptcy Estate, but was the holder of a

Honorable Novalyn L. Winfield
United States Bankruptcy Court
September 21, 2012
Page (2)

second mortgage on Mr. Wash's residence. As the court has been aware, Mr. Walsh was attempting to sell his residence for an extended period of time.

In late July or early August, I received an agitated call from Mr. Walsh. Mr. Walsh indicated that the closing on the sale of his residence was approaching and that Cherokee was threatening to block the closing, if Mr. Walsh did not agree to certain demands. One of the Cherokee demands was that Mr. Walsh agree to dismiss the Walsh Securities Chapter 11 Case. I informed Mr. Walsh that it would be improper for him to agree to the Cherokee demand and that my firm, as an administrative creditor, would not agree to the dismissal of the Chapter 11 Case. I heard nothing further from Mr. Wash and assumed that he had found a way to close on the sale of his residence without agreeing to dismiss the Walsh Securities Chapter 11 Case.

On September 6, 2012, I received the letter to Your Honor from counsel to Cherokee in with the "Standstill Agreement" attached. It was the first moment that I had ever seen any form of Standstill Agreement between the Debtor and Cherokee. Obviously, Mr. Walsh was not empowered or authorized to execute the Standstill Agreement on behalf the Debtor-in-Possession, absent Court approval.

The Court will note that, not only does the Standstill Agreement require the dismissal of the Chapter 11 Case, but it allows Cherokee to immediately elevate its posture from an unsecured creditor of Walsh Securities to a secured creditor, by permitting a levy on any recovery in the federal litigation.

Cherokee has been paid the vast majority of its claims. Other than a small retainer, my firm has been paid nothing since the commencement of this Case and has actually expended money to keep this Chapter 11 Case alive. The priorities of the Bankruptcy Code are abundantly clear that administrative creditors must be paid in full before unsecured creditors can be paid. It also appears that the Internal Revenue Service has filed a priority claim in the amount of $5,950.65, which will also have priority over any Cherokee claim.

Based upon the foregoing, Wasserman, Jurista & Stolz, PC, an administrative creditor in this Chapter 11 Case objects to the request by Cherokee for a dismissal of the within Chapter 11 proceeding.

Since Mr. Bonchi is being paid, while my firm is not, I will presume Mr. Bonchi will make the arrangements for the conference call with the Court on September 25, 2012. We thank the Court for its attention to the within correspondence.

Honorable Novalyn L. Winfield
United States Bankruptcy Court
September 21, 2012
Page (3)

---

Respectfully yours,

**WASSERMAN, JURISTA & STOLZ, PC**

**DANIEL M. STOLZ**

DMS:bt

cc:    Keith Bonchi, Esq. (via e-mail kbonchi@gmslaw.com)
       Robert Magnanini, Esq. (via e-mail RMagnanini@stonemagnalaw.com)
       Robert Walsh (via e-mail)